OPINION of the Court, by
Judge Owsley.
This is an appeal Tram a judgment rendered against the appellant in an ejectment brought by him in the court below.
The patent under which he claims issued to the appel-lees, but Jw asserts the better right to the land under,a sale and conveyance made by the register of the land office for the nonpayment of the tax due for the year 1805.
From the facts agreed hv the parties, it appears the public printer failed to insert in the, paper edited by him the list of nonresidents’ lands subject to be sold for the nonpayment of taxes for the year 1805, as made out by the register; hiit that lie printed on separate sheets, which accompanied his paper, those lists, not however in sufficient numbers for all of his subscribers, but upon the first six publications in the proportion of tworthirds to the whole number of subscribers, and upon tnfe five remaining publications in the proportion of about one half; and whether upon these facts the sale and con-veyancepf the register is invalid, is the only inquiry for the consideration of this court.
If the publication of the printer be admitted not to conform to the requisitions of .the law, it is perfectly clear, according to the case of Allen, &c. vs. Robinson, (3 Bibb 326) that Davis cannot have gained a valid title under the sale of the register. According to that cade, a failure to advertise for three months before the day of sale, is at lascan insuperable objection: to a conveyance made by the register: and if so,- upon the same principle any other irregularity in advertising must be attended with the same consequence.
That the publication of the printer, as admitted, to have been made, does not conform to the law we have doubt. Although, if contained in extra sheets accom *466 panying the principal paper, the publication might he sufficient, yet by requiring it to lie marie in the gazette of the public printer, the legislature must have intended to give it a circulation equal to that which the gazette might have. The sheets containing the publication, should, therefore, to comply with the law, have-been as numerous as the subscribers to the paper; but as that is admitted not to have been the case, we are of bpinion the court below properly decided the title of Davis was invalid. — —Judgment affirmed.