J. L. HASKELL v. ERASTUS BARTLETT AND S. T. WESTON.

INTEREST ON STREET ASSESSMENTS.—Street assessments in San Francisco are not contracts within the meaning of the statute in relation to interest, nor, by any statute, is interest allowable on street warrants issued for street improvements in that city.

ACTION FOR STREET ASSESSMENTS.—In actions to recover assessments for street improvements, a strict compliance with the provisions of law authorizing them must be shown, to sustain a recovery.

PUBLICATION OF NOTICE OF STREET IMPROVEMENTS.—Where, under the statute, a notice of intention to make street improvements, etc., in San Francisco was required to be published daily, (Sundays excepted,) for ten days, in the newspaper having the contract for the city and county printing, which paper is required to be printed and circulated in said city ; and where such a notice was only printed in such paper for eight out of ten consecutive days, (the remaining two days not being Sundays,) but on said two days no issues were made by said paper : *held*, that the notice by publication was insufficient and void.

IDEM.—To constitute a publication in a city paper, it must appear that the paper is both published and circulated in the city—the former alone being insufficient.

IDEM.—Where such daily newspaper, having the contract for said city and county printing, issued daily two editions, to wit: a morning edition, which was circulated in said city and the country, and an evening edition, which was circulated in the country only : *held*, that the publication of notice of street improvement in the evening edition of said paper only, was insufficient and void.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action to recover a street assessment in the City and County of San Francisco.

The complaint alleged the institution of proceedings by the Board of Supervisors on the 21st of December, 1864, for paving and constructing crosswalks and sidewalks on Commercial street, between Front and Drum ; the publication of

the resolution of intention for ten days daily, (Sundays excepted,) in the *Alta California ;* the passage of the resolution ordering the work on the 3d day of January, 1865 ; and all the other acts necessary to show a valid assessment against the defendants and the lots described, under the law of 1862 relating to streets, etc., in San Francisco. (Statutes of 1862, p. 391.) The assessments and warrant are alleged to have been made on the 23d day of March, 1865. The prayer is for judgment foreclosing the lien for the sum of four hundred and twenty-nine dollars and ninety-seven cents, the amount of the assessments, with interest from the date of the warrant. The answer contained denials of all the allegations of the complaint. The Court gave judgment for plaintiff according to the prayer of his complaint. The defendants moved for a new trial, and, among others, relied on the grounds that the evidence did not sustain the judgment, and specially that the publication of notice of street improvement was insufficient and void. Also, that the Court below erred in giving judgment for interest on plaintiff's street warrant. The motion was denied, and defendants appealed from said judgment and the order denying said motion.

The other facts are sufficiently stated in the opinion of the Court.

*R. P. & Jabish Clement,* for Appellants.

I. Interest is not recoverable upon a street assessment. Street assessments are not included within the terms of the Act relating to interest. (1 Hitt. Dig., Art. 3,856.) The Street Law authorizes the plaintiff to recover " the amount of the assessment "—nothing more. (Stats. 1863, p. 525, Sec. 13.) The action is not upon a contract, but is merely a proceeding for the collection of a tax. (*Hendrick* v. *Crowley,* 31 Cal. 471.) And a tax does not bear interest. (*Perry* v. *Washburn,* 20 Cal. 318, 350.)

II. The notice of intention was not duly published. The

notice must be published daily, Sundays *only* excepted, in the official paper. (Stats. 1862, p. 403, Sec. 25, Sub. 6.) The official paper must be " a *city* daily newspaper." (Cons. Act; Stats. 1856, p. 164, Secs. 68, 69.) The *Evening Alta* not being circulated at all in the city, and being issued exclusively for the country, cannot be the official paper. It is not in any sense a " city daily newspaper." A notice printed in the *Evening Alta* is not published—not " given or offered to the public"—in this city. (Webster's Dict., " publish," " publication.") Regarding the *Evening Alta* as a partial edition of the regular general issue of the paper, the publication of a notice in it would not be a compliance with the law. ( *Olcott* v. *Robinson*, 20 Barb. 149; Blackwell's Tax Titles, 243; , *Davis* v. *Sims*, 4 Bibb, Ky., 465.)

[No brief on file for Respondent.]

By the Court, Sanderson, J. :

Street assessments in San Francisco are not contracts within the meaning of the statute in relation to interest. (Statutes 1850, p. 92.) · Nor is there any provision in the statutes in relation to street improvements in that city which allows interest upon street warrants. (Statutes 1862, p. 391; 1863, p. 525.) The thirteenth section of the latter Act gives the contractor or his assignee a right of action for the amount of the assessment only; nothing is said about interest.

The appellant's objection to the publication of the notice of intention should have been sustained. These actions can be sustained only by showing a strict compliance with the provisions of the statutes under which the city works when improving her streets. Under those statutes a notice of intention must be published in the newspaper which has the contract for the city and county printing daily for a period of ten days, except on Sundays, on which days it need not be published. ( *Taylor* v. *Palmer*, 31 Cal.

244.) The paper which does the city printing must be a city paper, that is to say one which is published in the city (Statutes 1856, pp. 163, 164, Secs. 68, 69); which is to say, printed and circulated in the city, for a printing without a circulation is not a publication. The case shows that the *Daily Alta California* had the contract for the city printing; that two editions of that paper are generally issued each day, one in the morning and the other in the evening; that the morning edition circulates in the city and country, and the evening edition in the country only and never in the city. That no morning edition was issued on two of the ten days upon which the notice ought to have been published, but that an evening edition was issued on those days, but whether the notice was in those editions the record does not show. A publication in the evening edition, which does not circulate in the city, is not a publication in the city, and not a compliance with the provisions of the statutes to which we have referred. To make the publication good, in view of the fact that no morning edition was issued, it must appear that the notice was in the evening edition on both days, and that on each day the edition was circulated among the city subscribers. (*Olcott* v. *Robinson*, 20 Barb. 149; *Davis* v. *Sims*, 4 Bibb, 465; Blackwell on Tax Titles, 243.)

Order denying a new trial reversed and new trial granted.

Neither Mr. Justice SAWYER nor Mr. Justice RHODES expressed an opinion.