[No. 6540.]

## JOHN H. TURNEY ET AL. v. 'GEORGE DOUGHERTY ET AL.

| | |
|---|---|
| 53 | 619 |
| 97 | 111 |
| 53 | 619 |
| 146 | 375 |

STREET WORK IN SAN FRANCISCO—ILLEGAL ORDER EXTENDING TIME. — A contract having been entered into for the performance of work in grading a street, and the time mentioned in the contract for the performance of the work having expired, and the contractor having applied for an extension of the time, and the Board of Supervisors having refused to grant such extension of time, subsequently made an order for the extension of time: *held*, that the order was unauthorized and void.

APPEAL from the District Court of the Nineteenth Judicial District, San Francisco.

Action to have a street contract decreed to be void. Judgment was rendered for the plaintiffs, and defendants appealed. The other facts are stated in the opinion.

*J. C. Bates*, for Appellant, cited Stats. 1871–2, p. 807, sec. 7 ; see Stats. 1863, p. 525, sec. 7 ; *Taylor* v. *Palmer*, 31 Cal. 246 ; *Conlin* v. *Seaman*, 22 Cal. 548 ; *Houston* v. *McKenna*, 22 Cal. 552 ; see *Himmelmann* v. *Cofran*, 36 Cal. 412 ; see *Guest* v. *City of Brooklyn*, 69 N. Y. 511.

*Harmon & Galpin*, for Respondents.

The power to extend could not be exercised after the time had lapsed. (*Doty* v. *Brown*, 3 How. Pr. 375 ; *Haynes* v. *Dutchess Orange Steam Co.* 7 Cowen, 467 ; *Humphrey* v. *Chamberlin*, 1 Kern. 275 ; Graham Pr. 331.)

By the COURT :

The resolution of intention for the grading of Bay Street from Jones to Dupont was adopted by the Board of Supervisors March 25th, 1867, and the resolution ordering the work done was adopted April 8th, 1867. In 1868, a contract was let at forty cents per cubic foot, and the contractor having been released, a second contract was let in January, 1869, at fifty-five cents per cubic foot ; and that contractor having been released, the third contract was awarded to the defendant in April, 1869, at the

rate of ninety-nine and seven-eighths cents per cubic foot, and on the 8th day of May, 1869, the contract was executed by the defendant and the Superintendent of Streets. The work was to be commenced within one hundred days and completed within twelve hundred and sixty-five days from the date of the contract. The Board of Supervisors, on the 14th day of June, 1875, considered the petition of the defendant for the extension of time for the completion of the work under the contract, and adopted the report of the Committee on Streets, etc.—the report being adverse to the petition for the extension of time for the grading of said street. After this refusal to extend the time, the Board of Supervisors, on the 26th day of March, 1877, directed the time to be extended, and accordingly the Superintendent of Streets granted an extension of twelve hundred and thirty-seven days additional time for completing the work.

The seventh sec. of the Act of 1862 as amended in 1863, (Stats. 1863, p. 526) authorized the Superintendent, "under the direction of the Board of Supervisors," to extend the time, as fixed in the contract, for the completion of street work; that is to say, power is given to the Board of Supervisors to direct an extension of the time, and the Superintendent enters such extension upon the contract.

The question here presented is a question of power—after the expiration of the time fixed in the contract, and after having refused to extend the time, has the Board the power to grant an extension of the time for the completion of the work under the contract? The language of the act is: "And said Superintendent shall fix the time for the commencement and completion of the work under all contracts entered into by him, and may extend the time so fixed from time to time under the direction of the Board of Supervisors." Were there no provision of this character in the statute, the power to extend the time could only be claimed as arising by necessary implication, and it might be extremely difficult to uphold the power; and were the question now for the first time presented to this Court, whether a valid extension of time could be granted after the expiration of the time fixed in the contract, we would feel great hesitation in holding, as was done in *Taylor* v. *Palmer*, 31 Cal. 246, that an

extension granted after the expiration of the time mentioned in the contract, was valid. But no case, so far as we are aware, has gone to the length of holding that when the time mentioned in the contract has expired, and the Board has thereafter refused to extend the time, it can grant a valid extension of time for the completion of the contract, nor do we know of any principle upon which such an exercise of power can be upheld. It would virtually be the making of a new contract. Before the extension of the time it is obvious that the contractor could claim nothing under the contract, and it would be as impossible for him to attempt to do so as it would be if he had abandoned the contract, or rescinded it as far as he had power so to do. If the Board possesses that power, it would seem difficult to assign any limits to its exercise; and the Board might, by that process, infuse life into contracts under which nothing had been done for an indefinite number of years—and perhaps contracts, as well, which had formally been abandoned, or from which the contractor had been released. The exercise of that power would materially tend to impair whatever certainty there was in the proceedings under the act for the improvement of streets, and thus seriously jeopardize the interests of the property holders to be charged with the expenses of the work. It might be that the property holders, at a given time, were willing to incur the expenses of the work, but circumstances might change to such an extent, in the course of a few years, that they would be quite unwilling to have the work done at the rates mentioned in the contract; but if the power claimed in this case pertains to the Board, they would be powerless to resist, though the Board or former Boards may repeatedly have refused to extend the time. In our opinion the Board, when it refused to extend the time, after the time mentioned in the contract had expired, exhausted its power in that respect, and the subsequent order for the extension of the time was unauthorized and void.

Judgment and order affirmed. Remittitur forthwith.