[No. 14665.    Department Two. — July 22, 1892.]

A. KLAUBER et al., Appellants, v. THE SAN DIEGO STREET-CAR COMPANY, Respondent.

CONTRACT OF STREET-RAILWAY COMPANY TO RUN TRAINS — FORFEITURE OF EXTENSION — EXCUSE FOR NON-PERFORMANCE — FORECLOSURE OF MORTGAGE — RECEIVER — INJUNCTION. — The performance by a street-railway company of its contract to run regular trains each day for a period of ten years, under penalty of forfeiting an extension of its road, to be conveyed upon demand, is not excused because of the bringing of a suit by a mortgagee to foreclose a mortgage upon the street-railway, and the appointment of a receiver to take possession thereof, who failed and ceased to operate the road, the street-railway company being enjoined from interfering with the possession and control of the road.

ID. — PERFORMANCE OF CONTRACT — INTERFERENCE BY WRIT — SUIT BY PRIVATE LITIGANT — PREVENTION BY OPERATION OF LAW. — The inter-

95   353.
98   103

95   353
d126 642

95   353
128   291
f129 227

95   353
133   523

95   353
142   189

ference by a writ sued out by a private litigant will not excuse the performance of a contract, although it may deprive the contracting party of the means of performance; and such interference is not a prevention by operation of law.

ID. — CONTROL OF ACTS OF THIRD PARTIES. — The obligor contracts that he can and will control the acts of third parties, so far as necessary to enable him to perform his contract.

ID. — IMPOSSIBILITY OF PERFORMANCE. — The impossibility of performance which will excuse the performance of a contract by the parties thereto must consist in the nature of the thing to be done, and not in the inability of the parties to do it. If the thing can be accomplished by any one with proper means and the requisite skill and knowledge, the promisor is not less answerable because it is impossible to him.

ID. — POSSESSION OF RECEIVER — CONVEYANCE BY MORTGAGEES UPON BREACH OF CONDITION. — A conveyance by a railroad company of a portion of its property to parties with whom it had contracted to convey such portion upon the breach of a condition cannot disturb the possession of a receiver appointed by the court, in an action against the company for the foreclosure of a mortgage, or embarrass him in the discharge of his duties.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Parrish, Mossholder & Lewis*, and *Luce & McDonald*, for Appellants.

The commencement of an action to foreclose the mortgage given by defendant, and the appointment of a receiver therein, and the possession and control of the road being turned over to such receiver, is not a sufficient legal excuse for the non-performance of the contracts on the part of the defendant, as it is a well-settled rule of law, that if a party by his contract charge himself with an obligation possible to be performed, he must make it good, unless its performance is rendered impossible by the act of God, the law, or the other party. Unforeseen difficulties, however great, will not excuse him. (*Ingle* v. *Jones*, 2 Wall. 1; Civ. Code, sec. 1511; *Booth* v. *Spuyten Duyvil Rolling Mill Co.*, 60 N. Y. 487; *Harriman* v. *Emerick*, 9 Wall. 161; *Walker* v. *Tucker*, 70 Ill. 543; 1 Wharton on Contracts, sec. 393; *McGehee* v. *Hill*, 4 Port. 170; 29 Am. Dec. 277; *Reid* v. *Edwards*,

7 Port. 508; 31 Am. Dec. 720.)   The title to property in the hands of a receiver may be litigated in the courts so long as the possession of the receiver is not interfered with.   (*Hickok* v. *Elliott*, 27 Fed. Rep. 830; *Andrews* v. *Smith*, 5 Fed. Rep. 833; *Calhoun* v. *Lanaux*, 8 Sup. Ct. Rep. 1345.)   It is certainly not against conscience for the court to assist the plaintiffs in enforcing the specific performance of said contracts.   That a court of equity will enforce the performance of such contracts, see the following authorities: Civ. Code, sec. 1671; 1 Pomeroy's Eq. Jur., secs. 433–440; 2 Story's Eq. Jur., secs. 1318–1320; *Muldoon* v. *Lynch*, 66 Cal. 536; *Fisk* v. *Fowler*, 10 Cal. 513; *Streeter* v. *Rush*, 25 Cal. 68.

*Works, Gibson & Titus,* and *Works & Works,* for Respondent.

It is a well-settled rule that an act agreed to be done, and which has subsequently become unlawful, is excused, on the ground that no one can be required to do an unlawful act.   (2 Parsons on Contracts, 7th ed., 674.) And there can be no difference between such a case and one where the act has been enjoined by a competent court.   To do the act against the prohibition of the writ of injunction would be illegal, and a direct and criminal violation of the law.

TEMPLE, C. — This appeal is upon the judgment roll, and was taken by plaintiffs.

The findings show that defendant owned and was operating a street-railway in San Diego, and plaintiffs were the owners of certain lands, to which they desired to have the street-railway extended.   On September 30, 1887, they therefore agreed with defendant, in consideration that it would build and operate the road in a specified way, that they would procure the right of way between certain named points, and the franchise from the city permitting the use of the streets, and a grant of the right of way over the city lands, and pay defendant $6,000 per mile of such extension, and also pay for all

material and labor necessary to construct all of the bridges, trestles, and culverts along the line of the road; that plaintiffs performed their part of the contract, procuring and turning over to defendant franchises and rights of way worth $10,000, and paid for building all the bridges, trestles, and culverts, $22,000, and the further sum of $41,695.88, being $6,000 per mile for each mile of such extension; that the railway and franchises were worth only $25,000, and plaintiffs have been benefited by its construction and operation in the sum of $5,000 only; that it was provided in the contracts that after the construction and equipment of the road, if the defendant refused or failed to operate it as provided, and run over it three regular trains each and every day, for a period of ten years, that upon such failure, defendant should forfeit to plaintiffs the entire extension, including the franchises, rights of way, ties, rails, road-bed, bridges, trestles, and culverts, and the same should revert to and become the property of plaintiffs, and that the said defendant should convey all of said roads, including the franchises, rights of way, ties, rails, road-bed, bridges, trestles, and culverts, to plaintiffs, and should execute and give a sufficient deed of conveyance to plaintiffs for all defendant's right, title, and interest therein; that defendant constructed and operated the road according to the terms of the contract, until on or about February 19, 1889, at which time a suit was commenced by a certain bank to foreclose a mortgage upon the property, real and personal, of defendant, in the circuit court of the United States; that the mortgage was executed by defendant to the bank to secure the sum of $250,000; that such suit was pending when this action was commenced, and is still pending; that on the nineteenth day of February, 1889, the said circuit court, by its order duly made, appointed a receiver of all the goods, property, estate, and effects of defendant, who duly qualified, and on that day took possession of all the property last mentioned, and has ever since maintained such possession; that all the property in question here was in-

cluded in the property so taken; that the defendant did
not fail to perform its contracts with the plaintiffs in any
particular until the receiver took possession, but that
the receiver failed and ceased to operate the road on the
25th of February, 1889; that by the order of said circuit
court, defendant, its agents and servants, and all persons
whomsoever, were restrained and enjoined from in any
way interfering with the possession or control of the
property, or from selling, transferring, conveying, leas-
ing, or otherwise disposing of or encumbering any of
said property; that due demand, before suit, was made
for the conveyance, etc., which was refused.

On these facts, were plaintiffs entitled to judgment?
The trial court held that they were not, apparently for
two reasons, both of which are urged here in suport of
the judgment: 1. Want of performance is excused be-
cause it was prevented by operation of law (Civ. Code,
sec. 1511); and 2. The conveyance sought would inter-
fere with the possession of the receiver and of the fed-
eral court.

No case has been cited in which it has been held that
interference by a writ sued out by a private litigant will
excuse performance of a contract, although it may de-
prive the contractor of the means of performance. It
is not prevention by operation of law. It is the act of
an individual, and not of the government. In a certain
sense, the property so taken may be in the custody of
the law, and yet the seizure may be wrongful, and the
suitor held responsible, as for a trespass, in damages.
The law recognizes the fact that these private remedies
may be wrongfully, that is illegally, used, and the litigant
is required to give security for any damage that may be
caused if it should be finally decided that the writ was
improperly issued. This cannot be called the operation
of law within the meaning of the Civil Code.

The obligor contracts that he can and will control the
acts of third parties, so far as necessary to enable him to
perform his contract. (*People* v. *Bartlett*, 3 Hill, 570.)

Nor would it be a defense that the law has rendered it

difficult or very expensive to perform. The rule is, if performance is in itself possible, there is a breach although the obligor himself may have become wholly unable to perform. The suit to foreclose the mortgage against the property of defendant did not render performance impossible; defendant could have paid the claim or given security, and have had the receiver discharged.

" To warrant the application of the principle, the impossibility must consist in the nature of the thing to be done, and not in the inability of the party to do it; or, as it is sometimes termed, be an *impossibilitas rei* as distinguished from an *impossibilitas facti*. If the thing could be accomplished by any one with proper means and the requisite skill and knowledge, the promisor was not less answerable because it was impossible to him." (Hare on Contracts, 639.)

"The principle deducible from the authorities is, that if what is agreed to be done is possible or lawful, it must be done. Difficulty or improbability of accomplishing the undertaking will not avail the defendant. It must be shown that the thing cannot by any means be effected. Nothing short of this will excuse non-performance." (*The Harriman*, 9 Wall. 172.)

But it seems to me the very fact that the thing can be done, although it may be very expensive, to wit, it may require the defendant to liquidate and pay an unjust claim, shows that performance is not prevented by operation of law. It is not the law operating upon the facts which creates the difficulty, but the use of a judicial writ by a private litigant.

Suppose the receiver had been appointed after decree in favor of the mortgagee; it would be obvious the defendant could continue to operate the road by paying its debt.

So far as there is anything in the second point which is not included in the first, it is enough to say that a conveyance such as is sought here could not disturb the possession of the receiver, or embarrass him in the dis-

charge of his duties. (*Albany City Bank* v. *Schermerhorn*, 9 Paige, 372; 38 Am. Dec. 551.)

Even should it necessitate bringing in new parties in the foreclosure suit, or place the assignees in a position to intervene, there could be no objection on that ground, much less would it constitute a contempt of the mandate of the circuit court.

I think the judgment should be reversed, and a specific performance decreed on the findings.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the forgoing opinion, the judgment is reversed, and the superior court directed to enter a judgment upon the findings in favor of plaintiff, in accordance with the prayer of the complaint.

DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J.