[S. F. No. 1093. Department Two.—June 2, 1898.]

JOHN KELSO, Appellant, v. P. J. COLE et al., Respondents.

STREET IMPROVEMENT—ABANDONMENT OF CONTRACT—PROPORTIONAL ASSESSMENT—STATUTORY CONSTRUCTION.—Section 12½ of the general street law, as amended in 1889, authorizing a proportional assessment for the amount of the contract completed, upon the completion of two blocks or more of any improvement, instead of waiting until the completion of the improvement, applies only to an existing contract under which the whole work is to be completed, and is not intended to give new life to a dead contract; and the board of supervisors has no jurisdiction under that section to order a proportional assessment, when a portion of the work has been abandoned by the contractor, and the time for completion of the whole contract has expired.

ID.—PROCEEDINGS FOR STREET WORK STATUTORY.—All proceedings for work upon streets, etc., in the municipalities of the state, under the act of March 18, 1885, and the amendments thereto, are purely statutory, and can only be conducted in the cases and after the manner provided by the statutes; and the authority conferred thereby must be strictly pursued.

ID.—PERFORMANCE OF CONTRACT—LIMITATION OF TIME—LOSS OF JURISDICTION.—The contract must be fulfilled within the time specified therein, or such further time as may have been given therefor by a valid extension during the life of the contract; and when the work has not been performed within the time so limited therefor, the contract

ceases to have any vitality, and jurisdiction thereafter to extend it or to levy an assessment thereon becomes extinct, and, even if the work is completed thereafter, it forms no foundation for a valid assessment. The only power reserved is to let the completion of the work anew.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion.

J. C. Bates, for Appellant.

Charles A. Reynolds, and Orrin K. McMurray, for Respondents.

SEARLS, C.—Action upon a street assessment. Defendants had judgment for costs. Plaintiff appeals from the judgment and supports his appeal by a bill of exceptions. Several points are involved in the appeal, only one of which, in our view of the case, calls for consideration.

On April 25, 1894, after the preliminary steps had been taken therefor, the superintendent of streets in and for the city and county of San Francisco entered into a written contract with J. W. Smith, the assignor of plaintiff (the appellant here), to grade to the official line and grade, to macadamize, to construct redwood curbs and rock gutterways on Sunnyside avenue, between Circular avenue and Hamburg street, city and county of San Francisco. The prices to be paid were, for grading, per cubic yard, fourteen and one-half cents; redwood curbs, per lineal foot, thirteen cents; for macadamizing roadway, including rock gutterways, per square foot, two and one-half cents. The contract was in the usual form, and provided that the work should be completed within ninety days. The time for the performance of the contract was extended from time to time until it finally expired December 16, 1895.

On that day and ever since no part of the work had been performed between Genesee and Foerster streets, being one block of Sunnyside avenue, included in the contract. The residue of the work was certified by the superintendent of streets to have been completed.

On January 13, 1896, the board of supervisors ordered a proportional assessment to be made under section 12½ of the general street law as amended in 1889. (Stats. 1889, p. 169.) The question, then, is this: Had the board of supervisors jurisdiction to order a proportional assessment under section 12½ of the street act, when a portion of the work had been abandoned by the contractor and the time for the completion of the whole contract had expired? Section 12½ is as follows: "The city council, instead of waiting until the completion of the improvement, may, in its discretion, and not otherwise, upon the completion of two blocks or more of any improvement, order the street superintendent to make an assessment for the proportionate amount of the contract completed, and thereupon proceedings and rights of collection of such proportionate amount shall be had as in sections 8, 9, 10, 11, and 12 of the act, of which this is amendatory, is provided."

All proceedings for work upon streets, etc., in the municipalities of this state, under the act of March 18, 1885, and the amendments thereto, are purely statutory, and can only be conducted in the cases and after the manner provided by the statutes. The authority conferred by these statutes must be strictly pursued. (*Haskell v. Bartlett*, 34 Cal. 281; *Smith v. Cofran*, 34 Cal. 310; *Smith v. Davis*, 30 Cal. 536; *Brock v. Luning*, 89 Cal. 316.)

Under the general law, except as amended by section 12½, one of the prerequisites to the levy of any assessment whatever, is that the entire work shall have been completed. In the language of section 8 of the act: "After the contractor of any street work has fulfilled his contract . . . . the street superintendent shall make an assessment," etc.

So, too, the contract must be fulfilled within the time specified therein, or within such further time as may have been given the contractor during the life of the contract, or no assessment can be levied, and if, after the expiration of the limited time, an extension is granted and the work is completed it forms no foundation for a valid assessment. (*Raisch v. San Francisco*, 80 Cal. 1; *Dougherty v. Nevada Bank*, 81 Cal. 162; *Heft v. Payne*, 97 Cal. 108; *Brady v. Burke*, 90 Cal. 1.)

The case of *Fanning v. Schammel*, 68 Cal. 428, which has been frequently referred to with approbation, was one in which

the contract called for the completion of the work within sixty days. The work was not completed within the time, and subsequently the board of supervisors extended the time for its completion. It was held by this court that after its expiration the board had no jurisdiction to revive or validate the contract.

The consensus of opinion, as expressed in the cases cited above and in many others of like import, is that when the time fixed for the completion of the contract has expired and the work has not been performed, the contract ceases to have any vitality, and jurisdiction to extend it or to levy an assessment thereon becomes extinct. The only power reserved is to let the completion of the work anew.

This being so, we cannot see upon what principle the board of supervisors can, in its discretion, order a proportional assessment under section 12½, after the contract has been abandoned by the contractor and the time for its completion has expired.

We think section 12½ is intended to apply to an existing contract—to one still in force; to furnish, as we may well suppose, the contractor with funds to aid him in the completion of the work, and that it was not intended to galvanize and give new life to a dead contract—to confer jurisdiction upon the board to do indirectly what it could not possibly do directly.

In the language of the court below: "That section contemplates, as the basis of such an assessment, not only that a part of the improvement has been, but that the whole is to be completed."

We are of opinion the section is provided as a boon to the contractor who in good faith is prosecuting his work within the lines of his agreement, and not as a reward to a defaulting contractor who has forfeited his right to any relief in the premises.

It follows from these views that the assessment was void and constituted no lien upon the lot of the defendants, and we recommend that the judgment appealed from be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.