[S. F. No. 839. In Bank.—November 10, 1899.]

## FRESNO MILLING COMPANY, Appellant, v. FRESNO CANAL AND IRRIGATION COMPANY, Respondent.

WATER RIGHTS—CONTRACT TO SUPPLY WATER—LEGAL ABATEMENT OF DITCH.—A water company which contracted to supply water to the plaintiff from an open canal constructed in part upon a county highway and in part upon a public street of a municipality, under contracts which relieved it from liability for nondelivery of the water in case it should be lawfully or forcibly restrained from such delivery, or in case such delivery were prevented by hostile diversion or obstruction, is not liable for damages for nondelivery of the water which was caused by reason of the filling up of its canal by the road authorities and injunctions issued against both parties to the contract restraining the further maintenance of the defendant's canal and the plaintiff's receiving ditch in such highway and street.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. J. R. Webb, Judge.

The facts are stated, in the opinion of the court.

T. P. Ryan, and W. F. Fitzgerald, for Appellant.

F. H. Short, and George E. Church, for Respondent.

HENSHAW, J.—Plaintiff, as its name implies, is a milling corporation, engaged in the manufacture of flour in the city of Fresno. Defendant is a corporation, engaged in the distribution and sale of water under the laws of the state. Plaintiff sued to recover damages for the breach of two certain contracts for the sale of water, made by defendant with plaintiff's predecessors in interest. Appellant contends that the right to the water

was appurtenant to the millsite, and passed to it by mesne conveyances from the original contracting parties. By the first of these contracts the defendant agreed, under certain limitations and restrictions, to furnish sufficient water to "carry three runs of stones." By the second contract, made with one Deming and by Deming assigned to the plaintiff, the defendant under similar limitations and restrictions sold "all the water that may be required, not exceeding at any time eighty-three and one-third cubic feet per second, to be supplied by and through the canal known as the Mill ditch on Fresno street, in the town of Fresno, county of Fresno, state of California." It is insisted by appellant that under these contracts it is entitled to eighty-three and one-third cubic feet of water per second, and so much more as might be necessary to carry three runs of stones, estimated to be about fifty-two cubic feet of water per second. By respondent it is maintained that the later agreement for eighty-three and one-third cubic feet provided for all the water to which, under any circumstances, the plaintiff was entitled. Regardless of the determination of the trial court upon this matter, we think its consideration unnecessary here, for the terms of the two contracts upon the question hereinafter to be considered are well-nigh identical. Plaintiff does not seek to have the water which the defendant for a long time admittedly has ceased to supply to the mill restored, but asks merely for damages for its failure to supply the water down to a given date. If, under the facts and under the terms of the contracts, plaintiff is not entitled to damages, the quantum of water ceases to be an important consideration.

Under the evidence, it appears that the defendant contracted to supply the water from an open canal constructed in part upon a county highway and in part upon a public street of the city of Fresno; that in October, 1891, the road overseer of the county, acting under direction of the supervisors, went with men, teams, plows, and scrapers and filled in the canal upon the county highway, and leveled the road to its grade. Thereafter, that portion of the canal within the city was likewise filled and its character as a canal destroyed. Cross-actions for injunctions were brought by the canal company to restrain the overseer from destroying its canal, by the road overseer to re-

strain the canal company from its alleged unlawful use of the highway, and by the city against the canal and milling company to abate the canal as a nuisance *per se*. The destruction of the canal has never been repaired, and no water since the date of the destruction has been supplied to plaintiff's mill.

The first contract contained the following covenant: "It is understood and agreed that the party of the first part (the Fresno Canal and Irrigation Company) shall be liable to no damage claimed by the party of the second part hereto for non-delivery of water as herein agreed, in case such first party shall be lawfully or forcibly restrained from such delivery."

The second contract contained the following: "It is covenanted and agreed that said party of the first part (the Fresno Canal and Irrigation Company) shall not be responsible for deficiency of water caused by drought, insufficiency of water in the river, hostile diversion or obstruction, forcible entry, temporary damage by flood, or other accident, but shall use all due diligence in restoring and protecting the flow of water in said canal."

The court found "that since the execution of said contract the defendant had duly, faithfully, and fully performed each and every one of the terms, conditions, and provisions of the contract upon its part to be kept or performed, wherever the same could be done or performed by the defendant, and when not prevented by obstruction or force that could not be overcome by the use of due diligence and every possible diligence on the part of the defendant." This finding is assailed, and the appellant demands the application to these contracts of the rule declared in *Klauber v. San Diego Street Car Co.*, 95 Cal. 353, where the sound principle is enunciated that if one has unconditionally contracted to do a particular thing and seeks relief because of the impossibility of performance, the impossibility of performance must be shown to attach to the thing to be done, and not to him alone who has contracted to do it. It must be an *impossibilitas rei*, as distinguished from an *impossibilitas facti*. But in this case the defendant made no unconditional promise to supply the water, but hedged its liability with the covenants above quoted. That there was a hostile obstruction sufficient to prevent its supplying the water is

shown not only from the physical acts of the authorities and their abettors in filling the canal, but also by the injunctions under which both this plaintiff and defendant were placed. But to this appellant replies that it was the duty of the defendant to have maintained a suitable ditch or canal, and one which would not have interfered with the public's right upon the highways, and that, if it had so done, there would have been no interference with its use of the water. But it may be answered that, viewing the contract in the light of the circumstances under which it was made, and bearing in mind further that defendant's agreement went but to supply water from a given named canal, it is reasonable to conclude, as the trial court must have done, that defendant was to supply the water from this particular canal, so long as it was permitted to do so, and that it was not within the contemplation of the parties that the entire construction of the canal should be changed, as would have been necessary to prevent either an anticipated interference with its use, or to enable it to continue to supply the water should such interference take place.

Still further it appears that, after leaving the main canal of the company, the water used by the mill was conveyed by a smaller canal, the mill ditch, itself constructed upon the public highway by the plaintiff, and that still upon the public highway were constructed and maintained by plaintiff certain necessary headworks to enable it to use the water. Plaintiff itself was under injunction restraining it from using the street for the indicated purposes, and its headworks had been destroyed, and it is argued with much force that, if the defendant had succeeded in restoring the flow of water to its main canal, that water would still have been unavailable to the plaintiff by reason of the destruction of its works and the disability of the injunction under which it labored, and that therefore it was suffering no damage, since it could not have used the water even if the defendant had supplied it.

As under the uncontroverted facts applied to the contracts as thus construed the plaintiff would not be entitled to a recovery, the other points made upon this appeal need not be considered.

The judgment and order appealed from are affirmed.

McFarland, J., Harrison, J., Garoutte, J., and Van Dyke, J., concurred.

Rehearing denied.