[S. F. No. 2072.    Department Two.—June 20, 1902.]

## JOHN KELSO CO., Appellant, v. GEORGE D. GILLETTE, Respondent.

Street Work—Extinction of Contract—Expiration of Time—Loss of Jurisdiction—Void Proportional Assessment—Case Affirmed. —Where the time allowed for the completion of a contract has fully expired, and the work has not been performed, the contract ceases to have any vitality, and jurisdiction thereafter to extend or to levy an assessment thereon becomes extinct; and it was not within the power of the supervisors, by granting a proportional assessment under section 12½ of the General Street Laws, as amended in 1899, after expiration of the contract and abandonment of the work, to enable the defaulting contractor to recover thereupon. [*Kelso* v. *Cole,* 121 Cal. 121, affirmed.]

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    James M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

C. A. Reynolds, and O. K. McMurray, for Respondent.

HENSHAW, J.—This action was to foreclose a proportional assessment for street work, made under section 12½ of the General Street Laws, as amended in 1899. The street contract and the proportional assessment are the same that were under consideration in *Kelso* v. *Cole,* 121 Cal. 121. This is an effort to enforce against another resident upon the same street the same assessment held invalid in the above-entitled case. The contractor never completed his contract. The time for performance was extended from time to time, and finally expired upon December 16, 1895. Before its expiration the contractor sought from the board of supervisors the proportional assessment contemplated by section 12½, but it was not until January 13, 1896, that the supervisors acted and ordered the assessment. If the proportional assessments contemplated by section 12½ are to be permitted, manifestly being to aid the contractor in the performance of his work, they can only be allowed during the life of the contract and while the work is in progress. Here, at the time the supervisors granted the proportional assessment, the contract had lapsed, the work had not been completed, and the rights of the property-owners had become fixed under the law. It was not within the power of the supervisors under this situation, by granting a proportional assessment after expiration of the contract and abandonment of the work, to enable the defaulting contractor to recover. As is said in *Kelso* v. *Cole,* 121 Cal. 121, "When the time for the completion of the contract has expired, and the work has not been performed, the contract ceases to have any vitality, and jurisdiction to extend it or to levy an assessment thereon becomes extinct."

The proportional assessment in question was therefore void, and the judgment appealed from is affirmed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.