[Civ. No. 125.  First Appellate District.—December 27, 1905.]

## UNION CONTRACTING AND PAVING COMPANY, Respondent, v. H. C. CAMPBELL et al., Appellants.

STREET IMPROVEMENT—PRIVATE INJUNCTION AGAINST CONTRACTOR—EXPIRATION OF TIME FOR PERFORMANCE—EXTENSION—VOID ASSESSMENT.—An injunction at suit of a private person against a contractor to prevent the performance of a contract for a street improvement does not extend the time of performance thereof by operation of law; and where no extension of time was asked for or granted until after the expiration of the time limited for performance, an assessment for work done after such expiration is void and cannot be enforced.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

James F. Tevlin, for Appellants.

D. H. Whittemore, for Respondent.

HALL, J.—This is an action to foreclose the lien of an assessment for curbing and paving a portion of Market street in San Francisco.  Plaintiff had judgment, and certain of the defendants moved for a new trial, and upon the denial of their motion appealed from the order and judgment.

It appears from the complaint, findings, and evidence that the contract to do the work was let by the superintendent of streets, dated January 26, 1896, in which the time

limited for the performance of the work was fixed at one hundred and twenty days from the date of the contract. On March 4, 1896, the contractor was, at the suit of a third person—that is, a person not a party to this action, nor an officer of the municipality—enjoined by the superior court of the city and county of San Francisco from performing, the work. This injunction remained in force until November 28, 1898, when the action was dismissed by the plaintiff therein; and on said day the board of supervisors and street superintendent granted an extension of the time for the performance of the contract, and the work was done during such extension and a second extension. On the record presented here the time for performing the contract had long since expired, and the contract lapsed before any extension was granted (*Turney* v. *Dougherty,* 53 Cal. 619; *Beveridge* v. *Livingstone,* 54 Cal. 54; *Mappa* v. *Los Angeles,* 61 Cal. 309; *Palmer* v. *Burnham,* 120 Cal. 364, [52 Pac. 664]; *Kelso* v. *Cole,* 121 Cal. 121, [53 Pac. 353]), unless the running of the time stipulated in the contract for the doing of the work was suspended by the injunction. And this presents the most important question for determination by this court upon this appeal.

There is no express provision, either in the street law or elsewhere, making the issuance of an injunction at the suit of a third party an excuse for delay in the performance of such a contract. Section 1511 of the Civil Code provides that "the want of performance of an obligation . . . or any delay therein, is excused by the following causes, to the extent to which they operate: (1) When such performance . . . is prevented or delayed by the act of the creditor, or by the operation of law." It is under the rule of this section that the delay in this case can be excused, if at all, and this depends upon whether or not the delay caused by the issuance of the injunction is a delay caused by operation of law. A similar question was presented in *Klauber* v. *San Diego St. Car Co.,* 95 Cal. 353, [30 Pac. 555], where it was held that interference by a writ of injunction sued out by a third person will not excuse the performance of a contract, and that such an interference is not a prevention of performance by operation of law. It is there said: "No case has been cited in which it has been held that interference

by a writ sued out by a private litigant will excuse perform-
ance of a contract, although it may deprive the contractor of
the means of performance. It is not prevention by operation
of law. It is an act of an individual and not of the government.
. . . The obligor contracts that he can and will control the acts
of third persons so far as necessary to enable him to perform
his contract. (*People* v. *Bartlett,* 3 Hill, 570.) . . . It is not
the law operating upon the facts which creates the difficulty,
but the use of a judicial writ by a private litigant.'' The above
case is cited with approval in *Sample* v. *Fresno Flume etc.
Co.,* 129 Cal. 222, [61 Pac. 1085], where it was held that the
issuance of an injunction at the suit of a third party was not
a prevention by operation of law. In *Rogers* v. *Druffel,* 46
Cal. 654, it was held that an order enjoining a sale, issued
at the suit of a third party, did not prevent the expiration of
the two year lien, nor extend the time within which a sale
might be made.

In the case at bar it is not pretended that any of the defend-
ants, or any officer of the city, took any part in the injunction
suit or in any way instigated it. The contractor could have
kept his contract alive by obtaining from the board of super-
visors an extension of time. So far as the record in this
case shows he took no steps to procure a dissolution of the
injunction, but simply waited until the plaintiff in that action
dismissed the proceeding. The cases of *Hadley* v. *Clarke,* 8
Term Rep. 259, and *Baylies* v. *Fettyplace,* 7 Mass. 325, cited
by respondent, are both cases of delay in the performance of
contracts by reason of the operation of embargo acts, and are
typical cases of prevention of performance by operation of
law. *Williams* v. *Pouns,* 48 Tex. 141, and *Little* v. *Price,* 1
Md. Ch. 182, also cited by respondent, are cases where the
bringing of the action was enjoined for a time at the suit of
the opposite party to the litigation, and it was held that such
injunction stayed the running of the statute of limitations, in
favor of the party procuring the injunction, not because the
bringing of the suits was prevented by operation of law, but
by the act of the party defendant. On the other hand, in
*Wilkinson* v. *First Nat. Fire Ins. Co.,* 72 N. Y. 499, [28 Am.
Rep. 166], it was held that an injunction issued at the suit of
a third person was not a prevention by act of law, and did
not suspend the running of the time limited in the contract

for the bringing of an action thereon. In *Hadley* v. *Dague,* 130 Cal. 207, [65 Pac. 500], the work was completed and accepted by the superintendent of streets within the time provided for in the contract, but upon appeal by property owners to the board of supervisors the acceptance of the work was vacated, and directions given for its completion in strict accordance with section 11 of the street improvement act (Stats. 1891, p. 196, c. 147), and the decision in that case is not in point.

For the reasons above set forth, we are of the opinion that the issuance of an injunction at the suit of a third party was not a prevention of performance by operation of law, and therefore the time for performing the contract had expired before the extensions thereof pleaded and found, and all subsequent proceedings thereunder were void. (*Kelso* v. *Cole,* 121 Cal. 121, [53 Pac. 353], and other cases cited *supra.*) In view of the conclusion we have reached on the main point involved in this case, it is unnecessary to discuss other points made by appellants.

The judgment and order are reversed.

Harrison, P. J., and Cooper, J., concurred.