FRANK B. PECKHAM *vs.* INDUSTRIAL SECURITIES COMPANY, a corporation duly organized and existing under the laws of the State of Delaware.

1. CONTRACTS—WHEN PERFORMANCE EXCUSED BY IMPOSSIBILITY OF PERFORMANCE THROUGH GOVERNMENTAL ACT AND COURT DECREE STATED.

A promisor is bound to perform his contract unless it was unlawful when made or has since become impossible of performance through no fault of his, which impossibility may be caused, not only by governmental act, but also by decree of court, provided such decree is not induced by the contractor's own act or fault; mere inconvenience or difficulty of performance not being enough, and the promisor in an honest effort to carry out his agreement being under duty, if possible, to procure dissolution of an injunction against him effectually preventing performance, or to secure dismissal by removing the cause therefor.

2. CONTRACTS—PLEA MUST SHOW PERFORMANCE IMPOSSIBLE, AND THAT INJUNCTION WAS NOT SECURED THROUGH PROMISOR'S ACT OR FAULT.

Though an injunction secured by a private litigant may be such an act of the law, and such vis major, as will excuse performance of a contract, the plea of the promisor when sued for breach setting up such excuse must show that the injunction relied upon as a defense made performance impossible, that it was not secured through the act or fault of the promisor, and also that an effort has been made by him to dissolve the injunction, or that such effort would have been futile if made.

3. CONTRACTS—AS INJUNCTION PLEADED AS EXCUSE FOR FAILURE TO PERFORM DOES NOT PREVENT RECOVERY AND COLLECTION FROM ASSETS OF DEFENDANT OUTSIDE OF JURISDICTION OF ENJOINING COURT, PLEA OF INJUNCTION SHOULD SHOW THERE ARE NO SUCH ASSETS.

Injunction issuing from a federal court against defendant corporation sued for breach of contract in the courts of Delaware, and pleaded as an excuse for defendant corporation's failure to perform its contract, would not prevent plaintiff from recovering judgment and collecting the same from any assets defendant corporation might have outside the jurisdiction of the federal court issuing the injunction, so that, to be a complete answer to plaintiff's declaration, the plea of such injunction as excuse for non-performance should show there are no such assets.

(*April* 9, 1921)

PENNEWILL, C. J., and RICE, J., sitting.

*James H. Hughes* (of Marvel, Marvel, Layton & Hughes) for plaintiff.

*James I. Boyce* for defendant.

Superior Court for New Castle County, March Term, 1921.

SUMMONS COVENANT, No. 166, September Term, 1920.

Statement.

Action by Frank B. Peckham against the Industrial Securities Company. On general demurrer to defendant's fourth plea. Demurrer sustained.

This action was brought by the plaintiff to recover damages for the breach of certain re-sale contract entered into between the plaintiff and the defendant, February 24, 1919. The breach of the covenant, as alleged in the declaration, is that the defendant did not resell and secure for and pay over to the holder of the contract the sum of $1,294.00 on the 31st day of December, 1919.

The declaration alleges that the defendant agreed with the plaintiff to sell certain stock of the Perfection Tire & Rubber Company, which was sold to the plaintiff by the defendant, and to secure for and pay over to the holder of the writing obligatory the above mentioned sum.

To the declaration four pleas were filed, and by his fourth plea, in confession and avoidance, the defendant says:

"That the plaintiff ought not to have or maintain his aforesaid action thereof against the said defendant because the said defendant says that prior to the said thirty-first day of December, 1919, a bill was filed in the District Court of the United States at Chicago, Illinois, by one of the stockholders of the said defendant and that a receiver was appointed for this defendant and that on the thirtieth day of December, A. D. 1919, an order was entered in the said District Court enjoining all officers, directors, attorneys, agents and employees of the said defendant from paying any amount under or upon or on account of any indemnity bond, repurchase contract or re-sale contract theretofore made or issued by this defendant or from taking any action or steps of any nature to pay, redeem, discharge or to carry out any of the provisions of such indemnity bond, repurchase contract or re-sale contract, and so this defendant says that it was on the said thirty-first day of December, 1919, and hath been at all times hitherto enjoined by the said District Court from performing and fulfilling its obligations as contained in the said certain writing obligatory or contract under seal in the said declaration mentioned," etc.

To said plea the plaintiff entered a general demurrer.

PLAINTIFF'S ARGUMENT ON DEMURRER.

The issue raised by the plaintiff's demurrer to defendant's fourth plea, reduces itself to the question, whether the injunction of the Illinois federal court was such *vis major* as to excuse the performance of the defendant's contract.

The Supreme Court of the United States in the case of *Dermott*

*v. Jones*, 2 *Wall.* 1, sets out the circumstances that will excuse the performance of a contract.

Applying the test laid down in *Dermott v. Jones, supra,* was the act of the court in enjoining payment on the re-sale contracts entered into by the defendant either (1) an act of God, (2) an act of law, or (3) an act of the other party? Obviously it was not an act of God, and equally so not an act of the plaintiff. It must then be because the court's restraining order was an act of law. *Page on Contracts,* § 1374, states this rule.

In *Sample v. Irrigation Co.,* 129 *Cal.* 222, 61 *Pac.* 1085, the court adopted the language of *Klauber v. Car Co.,* 95 *Cal.* 353, 30 *Pac.* 555 holding that:

"No case has been cited in which it has been held that interference by a writ sued out by a private litigant will excuse performance of a contract, although it may deprive the contractor of the means of performance. It is not prevention by operation of law. It is the act of an individual, and not of the government."

See also *Union Contracting & Paving Co. v. Campbell,* 2 *Cal. App.* 534, 84 *Pac.* 305; *South Memphis Land Co. v. McLean Hardwood Lumber Co.,* 179 *Fed.* 417, 102 *C. C. A.* 563.

A restraining order issued through the fault of a promisor is not an excuse for the non-performance of a contract. 3 *Williston on Contracts,* § 1939; See also *Western Drug Supply & Specialty Co. v. Board of Administration of Kansas,* 106 *Kan.* 256, 187 *Pac.* 701; *Switzer v. Pinconning Mfg. Co.,* 59 *Mich.* 488, 26 *N. W.* 762.

The leading cases in support of the proposition that judicial process may constitute such *vis major* as to excuse the nonperformance of an express contract, is *Kansas Life Insurance Co. v. Burman,* 141 *Fed.* 835, 73 *C. C. A.* 69. This case is not in point, because as is pointed out in *Western Drug Supply & Specialty Co. v. Administration, supra:*

"The very basis on which that action was brought was declared void."

In the case at bar, the restraining order was secured by a third party, a private litigant, and it is not an act of law, and therefore, is not an excuse for the non-performance of a contract.

Jurisdiction by injunction does not extend beyond the state

in which the injunction was issued, unless the court has acquired jurisdiction of the person of the defendant.    *Joyce on Inj.* § 75.

In the case at bar, the appointment of a receiver and the issuance of a restraining order did not dissolve the corporate entity of the defendant.    It is domiciled in Delaware and hence the Delaware courts have primary jurisdiction over it.

### DEFENDANT'S ARGUMENT ON DEMURRER.

The authorities are few and not in harmony on the question raised.    It is well settled that performance of a contract cannot be compelled where it would involve a violation of law and it is equally well settled that a contract is discharged if its performance is subsequently prohibited by statute.    *Williston on Contracts,* § 1938.

The leading case is that of *Baily v. De Crespigny, L. R.* 4 *Q. B.* 180, and the doctrine there laid down has been universally recognized.    13 *C. J.* 646, and the many cases cited.    If subsequent statutory enactment rendering performance illegal relieves the obligor, there is no sound reason why the order of a court of competent jurisdiction should not also relieve him.    In the face of such injunction he cannot perform, no matter how ready and willing he may be, without committing a contempt of court and subject himself to such penalties as the court may impose.    On the other hand, if the injunction be improperly issued, the obligee with whose rights it interferes may appear in the court issuing the injunction and have it dissolved on proper showing.    See *Union Life Insurance Co. v. Burman,* 141 *Fed.* 835, 848, 73 *C. C. A.* 69; *People v. Globe Mutual Life Insurance Co.,* 91 *N. Y.* 174; *Williston on Contracts,* § 939.

It is a very well settled rule of law that, if performance is rendered impossible by act of God, the law, or the other party, it is a sufficient excuse.    *Moller v. Herring,* 255 *Fed.* 670, 167 *C. C. A.* 46, 3 *A. L. R.* 624; *Malcomson v. Wappoo Mills et al.* (*C. C.*) 88 *Fed.* 680.

Thus where the performance of a contract is prevented by an act of the Lesiglature or the action of a court of competent jurisdiction the non-performance is excused.    *Crise v. Lanahan* (*Md.*)

11 *Atl.* 842.    See also *Burkhardt v. Georgia School Township*, 9 *S. D.* 315, 69 *N. W.* 16; *Webb Granite, etc., Co. v. Worchester*, 187 *Mass.* 385, 73 *N. E.* 639.

It is respectfully submitted that the court here may not and will not punish the defendant because he did not violate an injunction issued out of the District Court of the United States. The least that can be said is that the suit here is prematurely brought.

PENNEWILL, C. J., delivering the opinion of the court: The question before the court is, whether the said injunction issued in the state of Illinois relieves or excuses the defendant from the performance of its obligations under the contract.

In the léading case of *Dermott v. Jones*, 2 *Wall.* 1, 17 *L. Ed.* 762, the Supreme Court said:

"It is a well settled rule of law, that if a party by his contract charge himself with an obligation possible to be performed, he must make it good, unless its performance is rendered impossible by the act of God, the law, or the other party."

This statement of the law is not disputed, and it is conceded that the non-performance of the contract by the defendant was not caused either by the act of God, or by the other party, the plaintiff.

The single issue raised by the demurrer then is, whether the injunction issued by the Illinois federal court was an act of the law that made impossible the performance of the contract by the defendant, and excused the breach complained of.

In *Klauber v. Car. Co.*, 95 *Cal.* 353, 30 *Pac.* 555, cited by plaintiff, the court said:

"No case has been cited in which it has been held that interference by a writ sued out by a private litigant will excuse performance of a contract, although it may deprive the contractor of the means of performance. It is not prevented by operation of law. It is the act of an individual, and not of the government."

This language was approved and adopted in *Sample v. Fresno Flume & Irrigation Co.*, 129 *Cal.* 222, 61 *Pac.* 1085.

To the same effect are the cases of *Union C. & P. Co. v. Campbell*, 2 *Cal. App.* 534, 84 *Pac.* 305, and *South Memphis Land Co. v. McLean Hardwood Lumber Co.*, 179 *Fed.* 417, 102 *C. C. A.* 563 (Tenn.).

In the above cases the party securing the injunction or receivership was a private litigant.

The cases on the subject are not numerous, neither are they uniform in holding that an injunction secured by a private party will not excuse performance of a contract. But they do seem to be uniform in holding that where the contract is lawful and possible of fulfillment, such an injunction will not excuse a breach. And there is also uniformity in this; that where the injunction or other judicial interference is caused by the fault of the defendant it will not excuse the performance of his contract.

In the leading case cited by the defendant, *Kansas Union Life Ins. Co. v. Burman*, 141 *Fed.* 835, 848, 73 *C. C. A.* 69, 82, it was said:

"In principle there can be no distinction between an injunction granted on the interposition of the state, in the exercise of the sovereign right of visitation and one granted by the court at the suit of a stockholder on the ground that the transaction of the two corporations is in contravention of the charter granted by the sovereign.   *   *   *   The situation is little different, in the concrete, from that where, on account of the nature of the contract, it is evident that the parties dealt on the assumption of the continued existence of the thing to which it relates, the subsequent destruction of which, in law, will excuse performance."

In that case the contract was held to be ultra vires, so that the very basis upon which the action was brought was void, and the court held that the injunction was such *vis major* as excused performance of the contract. The law itself made performance impossible.

Other authorities relied on by the defendant are *Baily v. De Crespigny*, L. R. 4 *Q. B.* 180; *Moller v. Herring*, 255 *Fed.* 670, 167 *C. C. A.* 46, 3 *A. L. R.* 624; *Crise v. Lamhan* (*Md.*) 11 *Atl.* 842; *Webb Granite & Co. v. Worchester*, 187 *Mass.* 385, 73 *N. E.* 639; and *13 C. J.* 646, and the cases there cited.

There can be no question, of course, that where performance is made impossible by governmental act, that is, by constitution

Opinion.

or statute it is *vis major* and performance will be excused; no one will be compelled to carry out an illegal agreement. In such cases it is clearly the law that makes performance impossible.

But the contract in the present case was not unlawful, nor was its performance made impossible by the government. A private litigant, a stockholder of the defendant company secured an injunction which enjoined the execution of the contract in question, and for a time at least made its performance by the defendant impossible without violating the court's order.

Did this judicial decree excuse performance of the contract by the defendant? It does not distinctly appear for what cause the injunction was issued, but it was issued against the defendant company at the suit of a stockholder and it may have been because of some act or fault of the company. In such case it is generally held that performance is not excused.

The cases relied on by the plaintiff are mainly from California. There is one from Tennessee. *The Civil Code of California* (*section* 1511) provides that, "want of performance  * * *  is excused" when it is prevented by the "operation of law." This language is somewhat different from that generally held to excuse performance, viz.: "an act of the law." The former might reasonably be construed to mean, constitutional or statutory law, or as some of the cases say "an act of the government"; whereas the latter expression could be very reasonably held to embrace a decree of court.

But regardless of any such possible distinction we think the California cases may be distinguished on a more substantial ground. It should be noted that while the language employed by the courts in those cases is very comprehensive and embraces apparently all cases where the thing that prevents performance is secured by a private litigant, they all follow and rely on the *Klauber Case, supra*. In that case suit was brought to foreclose a mortgage given by the defendant on all its property, and a receiver was appointed who took the property into possession, so that it could not carry out its contract with the plaintiff to extend its railway, etc. The court held that it was not impossible to perform the contract because

the defendant might have paid off the mortgage. It is to be observed that the alleged impossibility of performance in that case was caused by the defendant's failure to pay his obligation. In *Sample v. Fresno Flume, etc. Co.* an injunction was held to be no excuse for non-performance, and the reason must have been that it did not appear that performance was impossible, for the court said the defendant should have shown that an effort was made to dissolve the injunction.

And likewise in the case of *Union C. & P. Co. v. Campbell*, where an injunction was relied on by the defendant, it was held, under section 1511 of the *Civil Code* that it was no excuse.

"It was an act of individual and not of government. The defendant should have made an effort to dissolve the injunction. It is not the law operating on the facts which creates the difficulty but the use of a judicial writ by a private litigant. The contractor could have kept his contract alive by obtaining from the board of supervisors an extension of time. He took no steps to procure a dissolution of the injunction, but simply waited until the plaintiff in that action dismissed the proceeding."

In this case also performance was not shown to be impossible.

In *South Memphis Land Co. v. McLean Hardwood Lumber Co.*, *Supra*, the court said:

"There is highly respectable authority for the proposition that judicial process, order, or decree may constitute such vis major as to relieve a party from an otherwise absolute obligation." (Citations.)

"On the other hand, there is excellent authority for the proposition that an injunction in a suit by a third party furnishes no excuse for non-performance of an express contract." (Citations.)

But the court declined to say what the effect of the injunction would have been had it made the performance of the contract impossible, because, at most it forbade the running of the railway at grade, and defendant did not "show that it was impossible for the railway company to reach Railroad avenue  *  *  *  otherwise than by crossing the Illinois Central tracks at grade."

We think it unnecessary to comment further than we have on the cases cited by the defendant. In some of them, notably the leading case of *Kansas Union Life Ins. Co. v. Burman*, the contract in question, as already said, was unlawful when made, and in others the legal proceeding interfering with performance of the promise was one that the defendant could not remove.

Opinion.

[1]   As a result of our examination of the authorities we are inclined to believe that the conflict between them is more apparent than real.   We take this to be the law:   A promisor is bound to perform his contract unless it was unlawful when made, or has since become impossible of performance through no fault of his. This impossibility may be caused not only by governmental act but also by decree of court, provided such decree is not induced by the contractor's own act or fault.   Inconvenience or difficulty of performance is not enough, it must be absolute.   The promisor is not required to do something that is impossible or unlawful, and he is bound to respect the decree of a court which he can neither change nor remove.   But in the honest effort to carry out his agreement he must, if possible, procure the dissolution of the injunction or secure the dismissal of the interfering proceeding by removing the cause therefor.

The vital question is—not whether the interfering act was governmental or individual—but was performance made impossible by a judicial proceeding that defendant could not prevent or control?

This statement of the law is, we believe, in harmony with the rule laid down in 3 *Williston on Contracts*, § 1939, and other text writers, and practically with all the cases, if the decisions are considered in the light of the facts of each case, and not with respect to the general language sometimes used in the opinion.

[2]   But while we think that an injunction secured by a private litigant may be such an act of the law, and such *vis major* as will excuse the performance of a contract, we are also of the opinion that the plea setting up such excuse must show that the injunction relied upon as a defense made performance impossible, and also that it was not secured by the act or fault of the defendant.   A party will not be permitted to escape liability under his contract by securing or consenting to an injunction.   And, if the defendant could have secured a dissolution of the injunction it did not make performance of his contract impossible, within the meaning of the law.   It must appear that the injunction was not secured by the act or fault of the defendant, and also that an effort has been

made by the defendant, to dissolve the injunction or that such an effort would have been futile, if made. Because such facts do not appear, the court are constrained to sustain the demurrer.

[3]   And the court are also of the opinion that the injunction pleaded as an excuse for defendant's failure to perform its contract would not prevent the plaintiff from recovering judgment and collecting the same from any assets the defendant may have outside the jurisdiction of the court that issued the injunction. To be a complete answer, therefore, to the declaration the plea should show that there are no such assets. This fact is not shown, and for this additional reason the court are constrained to sustain the demurrer.

We think it unnecessary to express an opinion on other questions raised by the plaintiff.