[No. 18154.    Department Two.—March 28, 1894.]

JAMES W. GREGORY et al., Appellants, v. JOHN H. GREGORY et al., Respondents.

Appeal—Stay of Proceedings—Nonappealable Order—New Trial. An appeal from an order denying a motion to set aside a judgment for want of finding of fact to support it, which is dismissed by the court upon the ground that the order appealed from was not an appealable order, could not operate to stay proceedings in the court below, nor deprive the court of power to hear and deny a motion for a new trial.

Id.—Findings—Agreed Statement.—Findings are not required upon facts about which there is no dispute, and none are necessary where an agreed statement covers all the facts in the case.

Id.—New Trial—Facts Agreed.—A new trial is a re-examination of an issue of fact in the same court, and where all the facts are agreed upon, there is no issue of fact to be re-examined, and no ground for a new trial.

Id.—Statement—Absence of Specification.—Where there are no specifications of insufficiency of the evidence to justify the decision or of errors of law occurring at the trial, a new trial is properly denied.

Id.—Recitals of Judgment—Agreed Statement—Review Upon Appeal. Where the judgment recites that the cause was decided upon an agreed statement of all the facts, such agreed statement may be considered upon appeal, whether it constitutes a part of the judgment-roll or not.

Tenancy in Common—Possession in Severalty—Adverse Possession— Statute of Limitations.—Tenants in common who have entered into the actual possession in severalty of parcels of the land respectively claimed by them, under claim and color of title, and who, with their predecessors in interest, have maintained possession and exercised acts of ownership openly and notoriously, claiming the same adversely to other cotenants who were of age, and to all the world, and paying all taxes assessed thereon for more than five years prior to the commencement of an action against them, thereby acquire a title by prescription under the statute of limitations.

Id.—Notice to Cotenants.—Possession so taken and held in severalty under claim and color of title is sufficient to give all cotenants notice of the adverse claim, and to put the statute of limitations in motion in favor of the adverse possessors.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*James Gartlan,* for Appellants.

*F. P. Tuttle,* and *Tuttle & Tuttle,* for Respondents.

The COURT.—This is an action to quiet the plaintiffs' title to an undivided four-fifths interest in certain real property situate in the county of Placer. The case was submitted to the court below for decision upon an agreed statement of facts from which the court drew certain conclusions of law, and in accordance therewith rendered judgment in favor of the defendants. From this judgment, and an order denying their motion for a new trial, the plaintiffs appeal.

1. After the judgment was entered, the plaintiffs moved the court to set it aside upon the ground that findings had not been waived, and there were no findings of fact to support it. This motion was denied, and the plaintiffs appealed from the order. Appellants now contend, that after that appeal was perfected it stayed all further proceedings in the court below, and therefore that court had no power to hear and deny the plaintiffs' motion for a new trial. A sufficient answer to this contention is that on March 9, 1893, the appeal referred to was dismissed by this court upon the ground that the order appealed from was not an appealable order. (32 Pac. Rep. 531.)

2. Appellants also contend that the judgment should be reversed, because findings of fact were not waived, and none were filed by the court below. This contention cannot be sustained. The agreed statement covered all the facts of the case, and if findings had been made, they would have been simply a restatement of facts already agreed upon, and about which there was no controversy. But it is well settled that findings are

never necessary upon questions about which there is no dispute. For example, findings are not necessary where the allegations of the complaint are not denied, or as to facts admitted by the pleadings. (*Pomeroy* v. *Gregory*, 66 Cal. 572; *Taylor* v. *Central Pac. R. R. Co.*, 67 Cal. 615.) And where a finding made is conclusive against the right of the plaintiff to recover, findings upon other issues are unnecessary to support the judgment against him. (*Dyer* v. *Brogan*, 70 Cal. 136.) So a judgment will not be reversed for want of a finding upon a particular issue, where it is apparent that the omission in no way prejudiced the appellant. (*Murphy* v. *Bennett*, 68 Cal. 528.) So an issue raised by a defense upon which no evidence is offered at the trial and no finding made is deemed immaterial, and the judgment will not be reversed for want of a finding. (*Senter* v. *Senter*, 70 Cal. 619; *Himmelman* v. *Henry*, 84 Cal. 104; *Rogers* v. *Duff*, 97 Cal. 66.)

3. The order denying the plaintiffs' motion for new trial cannot be reviewed here on appeal, for two reasons: 1. A new trial is a re-examination of an issue of fact in the same court. (Code Civ. Proc., sec. 656.) In this case, as all the facts were agreed upon, there was no issue of fact to be re-examined, the only question being as to what was the law applicable to those facts; 2. The statement contains no specifications of the particulars in which the evidence was insufficient to justify the decision, or of any errors in law occurring at the trial.

4. The only remaining question to be considered is: Does the agreed statement of facts support the judgment? Objection is made that the statement does not constitute a part of the judgment-roll, but it is set out in full in the record, and the judgment recites that, "This cause came on regularly to be heard. . . . . And the respective parties thereto having stipulated that an agreed statement of all the facts of the said action would be by them submitted to the court for its decision, and the same having been thereafter . . . . regularly filed and submitted to the court for consideration and

its decision, and, after due deliberation thereon, the
court files its decision and conclusions of law, based upon
said agreed statement, in writing, and orders that judg-
ment be entered herein in favor of defendants in accord-
ance therewith." Under these circumstances, we think
the statement may be considered whether it in fact con-
stitutes a part of the judgment-roll or not.

One of the defenses interposed by the answer is, that
the cause of action was barred by the statute of limita-
tions; and as to this the court found, as a conclusion of
law:

"That defendants have acquired full and perfect title
to said land, and to the respective portions thereof here-
inbefore mentioned, under and by virtue of the statute
of limitations."

The record does not show when this action was com-
menced, but a second amended complaint was filed May
22, 1891, and it is stated in the brief for respondents
that the original complaint was filed in 1891. This
statement is not denied in the reply brief for appellants,
and we shall therefore accept it as true.

It would subserve no useful purpose to set out the
facts agreed upon at length. It appears therefrom that
as early as 1877 the appellants were all of age, and were
then and ever since have been residents of this state.
It also appears that the respondents and their prede-
cessors in interest entered into the actual possession of
the parcels of land respectively claimed by them under
claim and color of title, and thereafter continued to
maintain such possession and to exercise acts of owner-
ship over the said parcels, openly and notoriously claim-
ing the same adversely to the plaintiffs and all the world,
and paying all taxes assessed thereon, for more than
five years before this action was commenced. Under
the circumstances shown, we think the possession so
taken and held was sufficient to give the appellants
notice of respondents' adverse claims, and to put the
statute of limitations in motion in their favor, though

appellants were owners of interests in the said lands as tenants in common with respondents.

In support of their contention that their rights were not barred by the statute, appellants rely mainly upon the case of *In re Grider*, 81 Cal. 571.

That case is clearly distinguishable from this. In that case the proceeding was inaugurated in the superior court, sitting in probate, for the distribution of an estate, the administration of which had never been closed. It was held, that so long as the administration of an estate remains unclosed, the successor in interest of one of the distributees, who enters into possession of land under a decree of partial distribution, cannot acquire title by limitation or adverse possession as against those who are legally entitled to claim an interest in the land as tenants in common, though he claims title to the whole of the land and pays all taxes thereon; and also that a tenant in common cannot show title by adverse possession against his cotenant in a case where such title is possible, without bringing himself within the rule that notice of his adverse claim must be brought home actually or constructively to the cotenant. And it was said that the party claiming adversely in that case had not brought himself within the rule declared.

In this case, under orders of the probate court, a part of the land in controversy was sold, the sale approved, and a deed therefor executed to the purchaser. The deed was thereupon recorded, and under it the purchaser took possession of the property, and thereafter held and claimed the same adversely. The balance of the land was distributed by the court, by decrees regular on their face, to two of the respondents, who under the decrees entered into the possession of the same, and thereafter they and their grantees held and claimed it adversely. And here the facts were quite sufficient to bring the case within the rule declared in the Grider case as to adverse possession by one tenant in common against his cotenant.

It results that the court below did not err in its con-

clusion of law, and that the judgment and order must be affirmed.

So ordered.

Hearing in Bank denied.