[No. 15473.   Department Two.—June 7, 1894.]

HUGH McSHERRY, Respondent, v. J. M. WOOD, Appellant, and HARRIET E. GULLIVER, Respondent.

Street Improvement—District Assessed—Curbing and Partial Laying of Sidewalks—Uniformity of Assessment.—In a resolution of intention to sewer, regrade, and macadamize a street, the board of supervisors has the right to confine the curbing and sidewalks to the portion of the street upon which such curbing and sidewalks had not been laid, and it cannot be objected that an assessment for the work is not equal and uniform, because the cost of improving the sidewalks was not distributed on all the frontage within the district assessed, but was imposed only upon the lots where the curbing and laying of sidewalks was done.

Id.—Presumption as to Sidewalks.—In the absence of a showing to the contrary, a presumption may be indulged that no sidewalks were laid except in front of the lots as shown in the assessment.

Id.—Foreclosure of Assessment—Dismissal as to Part of Property.—Right to Recover as to Residue.—The dismissal of a suit to foreclose a street assessment as to part of the lot assessed, upon the ground that one of the defendants, who was the owner of four several feet of the frontage of the lot, had paid the portion of the assessment for such frontage, is not fatal to the right of recovery against the owner of the residue, for the remainder of the assessment upon the lot as a whole, where such defendant in his answer admitted the ownership of the entire lot by both defendants, and the court finds that such defendant requested and demanded that the street superintendent assess the lot as

a whole, and where it appears that the assessment was made to unknown owners for a fixed sum for a front foot, and was capable of segregation between the owners in severalty of a given number of front feet, without doing injustice to either owner.

ID.—APPEAL TO CITY COUNCIL—IRREGULARITY IN ASSESSMENT.—The defendant having failed to appeal to the city council on account of irregularity in the assessment, is precluded from urging an irregularity which might have been corrected on such appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Wood, in propria persona*, for Appellant.

The assessment was an entirety, and the dismissal or release of a part of the land, or of a part of the owners of the land, was fatal to the assessment as to the other part or other owner. (*People* v. *Doe*, 48 Cal. 560; *Hancock* v. *Bowman*, 49 Cal. 414; *Clark* v. *Porter*, 53 Cal. 410; *Diggins* v. *Reay*, 54 Cal. 525; *Harney* v. *Applegate*, 57 Cal. 205; *Milliken* v. *Houghton*, 75 Cal. 539.) The effect of failing to appeal was a waiver of all objections to the assessment. (Stats. 1885, p. 156, sec. 11; *Himmelmann* v. *Hoadley*, 44 Cal. 279; *Dorland* v. *McGlynn*, 47 Cal. 47.)

*D. H. Whittemore*, for Respondent McSherry.

*Parker & Eells*, for Respondent Gulliver.

THE COURT.—This action is brought to recover from the defendants a street assessment levied upon a lot having a frontage of one hundred and ten feet on the easterly side of Fillmore street, and between Vallejo and Broadway streets, city and county of San Francisco. The lot in question was assessed to unknown owners.

Defendants answered separately. Defendant Harriet E. Gulliver, in her answer, set up ownership in herself in severalty of four (4) feet of frontage in the lot on Fillmore street, averred her willingness to pay the assessment on said four feet frontage, and that she had

in fact made such payment. She further averred that her co-defendant was the attorney of plaintiff, and that, with a view to defrauding her, he procured the lot, to be assessed as one parcel of land. Defendant Wood denied the allegations of the complaint.

The court found that defendant Gulliver was the owner of a portion of the lot having a frontage of four feet, and that defendant Wood was the owner of the residue thereof, having a frontage of one hundred and six feet; that defendant Gulliver had paid her proportion of the assessment, and that the assessment was made upon the lot as a whole by the street superintendent, at the request and demand of defendant Wood, who was the agent of the plaintiff herein.

The court rendered judgment against the defendant Wood for the amount of the assessment less the amount levied against the four feet, of which defendant Gulliver was the owner, from which judgment, and from an order denying a new trial, said defendant Wood appeals.

At the trial plaintiff introduced in evidence the original assessment, diagram, warrant, and affidavit of demand and nonpayment, together with the indorsements thereon, showing the due recording thereof, etc., to the introduction of which counsel for defendant objected upon the grounds:

1. That the assessment was not equal nor uniform. 2. That the item of one hundred and thirty-seven dollars and fifty cents for laying plank sidewalks was not distributed on all the frontage within the district assessed, but was imposed upon only a part of the lots of land benefited and to be charged.

The objections were overruled, and an exception taken, which ruling is assigned as error. We see no merit in the alleged error.

The only apparent inequality consists in the showing on the face of the assessment, that the charge for laying redwood curbs and sidewalks is only against lots 3 and 4, while the charge or assessment for sewering, regrading, and macadamizing, etc., is upon the whole district.

The resolution of intention shows that, as to the latter, the work was to extend from Vallejo to Broadway street, while as to curbing and sidewalks it was to be confined to the portions upon which such curbing and sidewalks were not laid.

This the board had a right to do, and, in the absence of a showing to the contrary, the presumption will be indulged, that no sidewalks were laid except in front of the lots as shown in the assessment. *Diggins* v. *Brown*, 76 Cal. 318, and *Gately* v. *Bateman*, 7 Pac. Coast L. J., 364, cited by appellant in support of his contention, were decided under the act of 1872, and have no application under the act of 1885 as amended in 1889. (Stats. 1889, p. 157.)

The further point is made by appellant, that the assessment having been an entirety, the release or dismissal as to a part was fatal to the right of recovery against defendant as to the residue. Whatever the general rule may be, we think the doctrine invoked is not applicable to the present case for the reasons:

1. The complaint avers the assessment of the lot with a frontage of one hundred and ten feet on Fillmore street, and that it is owned by defendants Wood and Gulliver. The answer of Wood, while it denies most of the allegations of the complaint, expressly admits as follows: "Except the allegation of the ownership by the defendants, Jos. M. Wood and Harriet E. Gulliver, of the land in the complaint described, and as to such ownership defendant admits the same." There was, therefore, no issue as to ownership as between plaintiff and defendant Wood.

2. The court finds that defendant Wood requested and demanded that the street superintendent assess the lot as a whole, and, as the latter appears not to have known the owners, he so assessed it, and to unknown owners. In such a case defendant Wood should not now be permitted to assert that the lot was improperly assessed in such respect.

3. The assessment being for a fixed sum per front

foot, and the defendants owning in severalty each a given number of front feet, it was capable of segregation without doing injustice to either owner, and bears no analogy to a case in which a foreclosure is sought against a portion only of the owners of undivided interests in a lot against which a like assessment is levied.

4. The defendant having failed to appeal to the city council, as provided by section 11 of the. act of 1885 (Stats. 1885, p. 156), on account of irregularity in the assessment, is precluded from urging here an irregularity which might have been corrected on such appeal. (*Dorland* v. *McGlynn*, 47 Cal. 47; *Himmelmann* v. *Hoadley*, 44 Cal. 276, and cases there cited.)

The other objections need not be noticed.

The judgment and order appealed from are affirmed.