[S. F. No. 475.   In Bank.—March 24, 1898.]

# C. T. H. PALMER, Appellant, v. HELEN M. BURNHAM et al., Respondents.

STREET IMPROVEMENT—GRADING TO SUBGRADE.—Under the street improvement act, the city council has jurisdiction to order a street to be graded to the official "subgrade," for the purpose of putting it in a proper condition for macadamizing.

ID.—DATE OF COMMENCEMENT AND COMPLETION OF WORK—PLEADING.—Under section 6 of the street improvement act, it is essential to the validity of the lien of a street assessment that the superintendent of streets should fix the time for the commencement of the work, which must not be more than fifteen days from the date of the contract, and also for its completion; and a complaint in an action to enforce the lien should contain a definite allegation of such facts. An allegation setting forth the contract as of a certain date and that the superintendent "fixed the time for beginning said work to be within fifteen days from the date thereof, and the time for completing said work to be within one hundred and eighty days thereafter," must be construed as meaning that the time for the completion of the work commenced to run at the date of the contract; and if the complaint further shows that an extension of time for doing the work was not granted until after the date so determined for its completion, and that the work was not finished until within the time so extended, it must be held, on demurrer to the complaint, that no lien was created.

APPEAL from a judgment of the Superior Court of Alameda County.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

C. T. H Palmer, in *pro. per.,* for Appellant.

J. C. Bates, for Respondents.

Henry J. Stevens, A. B. McCutchen, E. G. Knapp, William H. Chapman, and Jones & Weller, *Amici Curiae.*

HARRISON, J.—Action upon a street assessment. A demurrer to the complaint was sustained, and the plaintiff has appealed from the judgment thereon. The sufficiency of the demurrer is presented by the respondents upon two propositions:

1. In the resolution of intention the city council described the work to be done in the improvement of the street as follows, viz:

"That Broadway (describing the portion thereof) be graded to
the official subgrade for macadamizing"; and it is objected that
by this resolution no jurisdiction to order the work was obtained,
for the reason that section 2 of the street improvement act only
empowers the city council to order any portion of a street to be
"graded or regraded to the official grade." By the first section
of this act the city council is empowered to establish the grades
of the streets, but is not precluded from establishing a "sub-
grade," in order that it may properly and systematically cause
the streets to be prepared for use, and it is alleged in the com-
plaint that at the passage of this resolution an official subgrade
for macadamizing had been established by the city council (de-
scribing the same). The grade of a street is the degree of its
inclination from a horizontal line, and, as used in the street im-
provement act, includes the height of its surface above the line
of the established base; but it is entirely consistent with the es-
tablishment of the grade of a street that there be also established
a subgrade for macadamizing, *i. e.,* a line of elevation above the
base to which the street is to be reduced prior to laying thereon
the material with which it is to be macadamized, since such sub-
grade may be upon the same line of inclination as the grade
itself. If such subgrade has been established, it is an official
grade for that purpose, and the work of grading the street to the
subgrade may be ordered by the city council. Such an order
indicates by its terms that it is only a portion of the work neces-
sary for preparing the street for use, and that it is the purpose of
the council to cause the street to be macadamized, upon the com-
pletion of which the whole surface of the street will be at the
official grade. The establishment of a subgrade for this purpose
is in harmony with the purposes of the statute, and is more con-
sistent with its spirit than to require the street to be filled in to
the official grade and then have a portion thereof removed for
the purpose of preparing it for macadamizing. The expres-
sion in *Warren v. Riddell,* 106 Cal. 352, is to be read in the light
of the question then before the court, viz., that a contract to
grade a street to the line of the official grade was not satisfied by
grading it to a different line.

2. The contract for doing the work was entered into with the
superintendent of streets August 2, 1889, and it is alleged that

the superintendent "fixed therein the time for beginning said work to be within fifteen days from the date thereof, and the time for completing said work to be within one hundred and eighty days thereafter." The superintendent extended the time of completing the work February 4, 1890, by ninety days, and afterward by seventy days additional. The plaintiff alleges that he completed the work "according to the terms of the contract with its said extensions of time."

Whether the contract was thus completed depends upon whether it had expired or was in force at the date of the first extension (*Beveridge v. Livingstone*, 54 Cal. 54), and this depends upon the construction of the word "thereafter" in the above averment. Section 6 of the aforesaid act provides that the superintendent of streets "shall fix the time for the commencement, which shall not be more than fifteen days from the date of the contract, and for the completion of the work under all contracts entered into by him." Unless this provision is complied with, the contract is invalid (*Libbey v. Elsworth*, 97 Cal. 316), and unless there is a definite point of time named in the contract at which the work is to be completed, or from which the time within which it is to be completed is to be computed, the time for its completion is not "fixed." "Thereafter," as used in the second member of the above averment in the complaint, refers grammatically to the same point of time as "thereof" in the first member; viz., the date of the contract, and is moreover the legal construction to be given to the act alleged to have been performed by the superintendent. The superintendent did not fix any day for the commencement of the work—the allegation that he fixed the "time" therefor to be "within fifteen days" from the date of the contract left to the contractor to determine the particular day within that time on which he would begin his work (*Rauer v. Lowe*, 107 Cal. 229)—and, as he could not know in advance upon what day the contractor would begin the work, it cannot be assumed that the superintendent intended the time for its completion to run from that day, as that would be to permit the contractor rather than himself to fix the time for its completion. As the superintendent must be deemed to have acted legally, and as his act, if possible, is to be construed so as to make it effective rather than nugatory, it must be held that

the word "thereafter" in this averment of the complaint refers to the date of the contract, and that the superintendent fixed the time for completing the work to be within one hundred and eighty days after the date of the contract.  This would expire January 29, 1890, and, as the extension was not made until February 4th, it appears from the complaint that no lien was created thereby.

The demurrer was, therefore, properly sustained and the judgment is affirmed.

Van Fleet, J., Garoutte, J., McFarland, J., Temple, J., and Henshaw, J., concurred.