[Civ. No. 2600. First Appellate District, Division One.—December 29, 1920.]

## CITY STREET IMPROVEMENT COMPANY (a Corporation), Respondent, v. SARAH J. WATSON, Appellant.

[1] STREET LAW—IMPROVEMENT ACT OF 1911—TIME OF PERFORMANCE — DELAY IN SECURING EXTENSION — EFFECT OF CURATIVE PROVISIONS.—In view of the curative provisions of sections 26 and 82 of the Street Improvement Act of 1911, an assessment levied for certain street work under the provisions of that act cannot be declared invalid on account of a delay of two days in obtaining an extension of time within which to complete the work.

[2] ID.—PLEADING—MAKING OF ASSESSMENT, DIAGRAM, AND WARRANT —ADMISSIONS—EVIDENCE.—In an action to foreclose the lien of a street assessment, there is no error in admitting the assessment, diagram, and warrant in evidence, where the allegations of the complaint as to these matters, and the making of a due return by the contract, are admitted by the answer, as the plaintiff could rest his case on such admissions.

[3] ID.—TIME OF PERFORMANCE—UNCERTAINTY OF COMPLAINT—OMISSION CURED BY ANSWER.—In such an action, reversible error may not be predicated upon the action of the trial court in overruling a special demurrer to the complaint upon the ground that it cannot be ascertained therefrom the time fixed by the superintendent of streets for the commencement or the completion of the work, where that omission is cured by the allegations of the answer stating these facts.

[4] ID.—ASSESSMENT INCORRECT AS TO AMOUNT—REMEDY.—If the assessment, which was made at a uniform rate per front foot and which did not show any invalidity on its face, was incorrect as to amount, the defendant should have appealed to the council to have it corrected.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. C. Pistolesi and O. F. Meldon for Appellant.

Platt Kent for Respondent.

Johnson & Shaw, R. M. F. Soto, Fabius T. Finch, Randolph V. Whiting, Paul F. Fratessa, John B. Gartland

and Hobart K. Eells as *Amici Curiae* in Support of Respondent.

RICHARDS, J.—This is an appeal from a judgment foreclosing a lien for an assessment levied for certain street work in the city of St. Helena under the provisions of the Improvement Act of 1911. The complaint alleges, in due form, the performance of all things required by the Improvement Act to be done up to the signing of the contract on the seventh day of November, 1912. It alleges the execution of the contract, but does not contain any statement as to what time was therein fixed by the superintendent of streets for the beginning of the work or the completion thereof, other than the general allegation that the superintendent of streets "fixed the time for beginning said work and the time for completing said work." The complaint then goes on to allege that the plaintiff "did and caused to be done all the work in said contract . . . and duly performed on its part in every respect the said work according to . . . the terms of the contract"; that the work was approved and accepted by the superintendent of streets on the sixteenth day of May, 1913, and that thereupon the assessment and diagram for the work was made by the superintendent of streets, in due form, with his warrant and the engineer's certificate attached; their recordation, issuance to plaintiff, demand of plaintiff for payment, return on the assessment, its recordation, and that no appeal was taken to the city council. The above are not all the allegations of the complaint but a skeleton of such as are material in this appeal.

The defendant Bank of St. Helena defaulted. The defendant Sarah J. Watson, who will hereafter be called defendant, appeared first by demurrer, both general and special, in which the complaint was demurred to specially upon the ground that the complaint was uncertain in that it could not be ascertained therefrom the time fixed by the superintendent of streets for the commencement or the completion of the work. Other grounds of special demurrer are alleged, but these are the only special grounds urged on this appeal. The demurrer was overruled, whereupon the defendant answered admitting all the allegations of the complaint excepting that it was denied that the plaintiff had completed the work according to the terms of the contract, or

within the time fixed therein, or according to the specifications for the work. The answer further set out *in haec verba* the contract, wherein it appears that the street superintendent fixed the seventh day of November, 1912, as the time for commencing the work and ninety days from the seventh day of November, 1912, as the time for completion, and alleges that no extension of time to complete the work was granted plaintiff until February 7, 1913, which was more than ninety days from November 7, 1912.

At the trial the plaintiff introduced in evidence the assessment, warrant, and diagram, and thereupon rested its case. The defendant offered to prove that the work was not completed within the ninety days fixed in the contract, and that the time for completion was not extended by the city council until February 7, 1913. Upon the objection of the plaintiff that the evidence proposed was incompetent, irrelevant, and immaterial, the court excluded it. No offer was made to show that the work was not completed within the time granted by the counsel on the seventh day of February, 1913.

The main question presented upon this appeal is whether, in view of the curative provisions of sections 26 and 82 of the Improvement Act of 1911 (Stats. 1911, p. 730), the alleged defect in failing to grant an extension in which to complete the work within the time limited by the contract, was cured.

Section 26 provides that "no assessment, warrant, diagram or affidavit of demand and nonpayment, after the issue of the same, and no proceedings prior to the assessment, shall be held invalid by any court for any error, informality, or other defect in the same, where the resolution of intention of the council to do the work, has been actually published as herein provided, and said notices of improvement have been posted along the line of the work, as provided in section 5 of this act, before the passage of the resolution ordering the work to be done." Section 82 reads as follows: "This act shall be liberally construed to the end that its purposes may be effective. No error, irregularity, informality, and no neglect or omission of any officer of the city, in any procedure taken hereunder, which does not directly affect the jurisdiction of the city council to order the improvement, shall avoid or invalidate such

proceeding or any assessment for the cost of work done thereunder. The exclusive remedy of any person affected or aggrieved thereby shall be by appeal to the city council.''

These sections will not stop inquiry concerning those parts of the proceedings which are essential to due process of law, that is, "jurisdictional." (*Ramish* v. *Hartwell*, 126 Cal. 443, [58 Pac. 920].)

It is claimed by the appellant that by failing to extend the time for completion of the contract within the time limited by the contract for its performance, jurisdiction was lost by the council. In other words, that the requirement that the time shall be extended during the time for the performance fixed in the contract is "jurisdictional," and the error in failing to so extend it is not one that could have been remedied by the council on appeal, and that, therefore, the defendant was not required to appeal to the council. The respondent contends that under the authority of *Chase* v. *Trout*, 146 Cal. 350, [80 Pac. 81], this requirement is not "jurisdictional," and that under the provisions of the act quoted above the defect, if any, was cured.

In the case of *City Street Improvement Co.* v. *Pearson*, 181 Cal. 640, [185 Pac. 962], the court in passing on the provisions of an ordinance of the city of San Francisco for doing street work, and the provisions of which in relation to appeal to the council were practically identical with section 26 of the Improvement Act of 1911, said: "Curative provisions in a law of this character may cure any defect that does not go to the jurisdiction of the board over the proceeding."

"In any proceeding designed to subject the property of an individual to the burden of tax or assessment, certain elements are essential to constitute compliance with the mandates of the state or federal constitutions. It is agreed on all hands that no curative act can deprive a property owner of the right to resist a pretended assessment which, if enforced, would deprive him of his property without due process of law, or otherwise infringe his constitutional rights. But short of this, there is no more reason for denying to the statute before us than to that involved in the case of *Chase* v. *Trout*, 146 Cal. 350, the effect of foreclosing any attack based upon the failure to pursue

regularly, or at all, those steps which the legislature was not bound to make a part of the statutory procedure. As is pointed out in *Chase* v. *Trout, supra,* the application of curative statutes is not to be determined solely by inquiring whether the steps omitted or defectively performed were 'jurisdictional.' The term ':jurisdictional' has been used in various senses. The power to levy an assessment or impose a liability on private property is derived solely from the statute, and must be exercised in the manner laid down in the statute. In this sense, the jurisdiction of the board extends only to its right to act in the manner prescribed by the legislature. But with respect to any steps which are not constitutionally necessary, the legislature may, in the very act which requires these 'jurisdictional' steps to be taken, declare that unless that objection is made at a certain time or in a certain way, a failure to take these steps shall not affect the validity of the proceeding. This is the plain meaning of the holding in *Chase* v. *Trout, supra,* and we do not doubt that it is equally applicable here." (*Imperial Land Co.* v. *Imperial Irr. Dist.,* 173 Cal. 660, [161 Pac. 113].)

The foregoing was quoted with approval and applied to the "curative" clause of the Improvement Act of 1911, in *Watkinson* v. *Vaughn,* 182 Cal. 55, [186 Pac. 753], and the court further said in pointing out the distinction between the so-called jurisdictional requirements called for by the statute and those jurisdictional requirements which are necessary for a compliance with "due process of law": "The very question of what defects in street improvement proceedings could be cured under such provisions as those of section 16 and section 66 of the present act was considered at length in *Chase* v. *Trout,* 146 Cal. 350, [80 Pac. 81]. The argument was thus made, that no so-called 'jurisdictional defect could be thus cured.' In response, however, to this argument, the decision made a distinction between those so-called jurisdictional requirements which are called for by statute and those jurisdictional requirements which are necessary for a compliance with the constitutional provision that property shall not be taken without due process of law, or with other constitutional provisions, and it was held that while failure to comply with jurisdictional requirements of the later class could not be cured, a failure to comply with

those of the former class might be cured by action of the legislature, since the legislature had the right, in the first instance, to omit such requirements entirely. The discussion on this point is thus summed up in *Chase* v. *Trout,* *supra* (p. 359): 'The correct proposition is, that as the legislature has power to devise any scheme for the assessment and levy of taxes for local improvement, provided such scheme includes such notice and opportunity for hearing to the owner of property taxed as will be sufficient to constitute the due process of law required by the constitution, and otherwise complies with constitutional limitations and restrictions, so the legislature, by a curative clause in the law establishing the scheme, may provide that the issuance of a bond, or the execution of a deed, in the enforcement of such levy or assessment, shall be conclusive evidence of the regularity of the performance of all the required steps in the proceeding, excepting those that are necessary to constitute the due process of law, or to comply with any other constitutional prerequisite. As to all these other statutory steps or acts, the same power which prescribes them is competent to declare that their nonobservance shall not be fatal to the validity of the tax and that no inquiry may be made concerning them. This is substantially the effect of the statute in question here.' '' (See, also, *Baird* v. *Monroe,* 150 Cal. 568, [89 Pac. 352]; *Board of Education* v. *Hyatt,* 152 Cal. 515, [93 Pac. 117]; *Wilcox* v. *Engebretsen,* 160 Cal. 292, [116 Pac. 750]; *Schaffer* v. *Smith,* 169 Cal. 764, [147 Pac. 976].)

Speaking of the very defects urged here, the court said in *Chase* v. *Trout:* ''The legislature undoubtedly could have enacted a valid law, which would have authorized the extension of the contract after the time first fixed had expired, . . . or that the time to begin work need not be fixed in the contract. . . . Having such power, it likewise has power to declare that after the issuance of the bonds it shall be conclusively presumed that such directions, if any such exist, have been followed.''

[1] From the overwhelming weight of authority from *Chase* v. *Trout* down, we are compelled to conclude that the assessment cannot now be declared to be invalid on account of the delay of two days in obtaining an extension of time in which to complete the work. It will be admitted

that, leaving out of view the curative provisions of the act, the authorities are ample and uniform to the effect that the superintendent of streets and the city council have no power to revive or validate a dead contract, and that orders of extension made after the expiration of the time within which such contracts are by their terms to be performed are void (*Beveridge* v. *Livingstone*, 54 Cal. 54; *Fanning* v. *Schammel*, 68 Cal. 428, [9 Pac. 427]; *Dougherty* v. *Coffin*, 69 Cal. 454, [10 Pac. 672]; *Dougherty* v. *Nevada Bank*, 81 Cal. 162, [22 Pac. 513]; *Broch* v. *Luning*, 89 Cal. 316, [26 Pac. 972]; *Palmer* v. *Burnham*, 120 Cal. 364, [52 Pac. 664, 1080]; *Kelso* v. *Cole*, 121 Cal. 122, [53 Pac. 353]; *Union etc. Co.* v. *Campbell*, 2 Cal. App. 534, [84 Pac. 305].) However, in none of these cases was the effect of the curative provisions of a statute such as are contained in the Improvement Act of 1911 given any consideration. These curative provisions were considered in the *Chase* v. *Trout* case, and that case has never since been questioned.

It may be conceded that it is a "jurisdictional" requirement that the time must be extended within the time limit of the contract, but it is not one of the jurisdictional requirements necessary to constitute due process of law, and hence is cured.

Having arrived at the foregoing conclusion, and in view of the admissions in the answer that no appeal was taken to the council, and of the issuance of the assessment, diagram, and warrant and the return thereon, it follows that the evidence offered was properly excluded.

[2] There was no error in admitting the assessment, diagram, and warrant in evidence, for the allegations of the complaint as to these matters, and the making of a due return by the contractor, were admitted by the answer, and the plaintiff could have rested its case thereon. (*Raisch* v. *Hildebrandt*, 146 Cal. 721, [81 Pac. 21].) [3] Nor was there any reversible error in overruling the special demurrer, as the omission to state the time fixed by the superintendent of streets for the commencement and completion of the work was cured by the allegations of the answer stating these facts. (*Booth* v. *Oakland Bank of Savings*, 122 Cal. 19, [54 Pac. 370]; *Daggett* v. *Gray*, 110 Cal. 169, [42 Pac. 568]; *Burns* v. *Cushing*, 96 Cal. 669, [31 Pac. 1124].)

The only grounds urged in support of the general demurrer are that the bid of the plaintiff was made for the work on the basis of a stated price per foot, and there is no allegation as to the amount of work done, that is, as to the number of feet. The complaint alleges the making by the superintendent of streets of the assessment for $4,745.70. **[4]** The assessment, which was in evidence, shows the assessment to have been made at a uniform rate per front foot and does not show any invalidity on its face. The allegation of the complaint that "all of said assessment-roll was duly made in the manner and form prescribed by law" was admitted by the answer. If the assessment was incorrect as to amount, the defendant should have appealed to the council to have it corrected. (Improvement Act of 1911, sec. 26; *Bates* v. *Hadamson,* 2 Cal. App. 574, [84 Pac. 51]; *McSherry* v. *Wood,* 102 Cal. 647, [36 Pac. 1010]; *Harney* v. *Benson,* 113 Cal. 314, [45 Pac. 687].) No evidence was offered by defendant in support of her denial that the work was performed according to the specifications, and no point is made by defendant relating thereto. The allegations of the complaint as to performance are sufficient. (*California Improvement Co.* v. *Reynolds,* 123 Cal. 88, [55 Pac. 802].)

The judgment is affirmed.

Kerrigan, J., and Bardin, P. J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February, 24, 1921. (See *Oakland Paving Co.* v. *Whittel Realty Co.,* 185 Cal. 113, [195 Pac. 1058].)

All the Justices concurred.