[Civ. No. 3454.    First Appellate District, Division Two.—August 8, 1921.]

## TIBBITS PACIFIC COMPANY, Respondent, v. EMIL FIRTH, Appellant.

[1] STREET LAW—VROOMAN ACT—IRREGULARITIES IN PROCEEDINGS—NEW ASSESSMENT — JURISDICTION OF COURT — CONSTRUCTION OF STATUTE.—By the provisions of section 12¼ of the Vrooman Act, added in 1913 (Stats. 1913, p. 409), the court is given a limited jurisdiction not to deny recovery altogether, because of irregularity or informality not directly affecting the jurisdiction of the municipal authorities, but to order a new assessment based upon

the benefits derived from the improvement, the effect of the enactment being that, instead of making the appeal to the city council the exclusive remedy in such cases, the court is authorized to review the alleged errors and to order a new assessment if it finds that the conditions of the statute have been met.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. T. Lightfoot for Appellant.

Arthur M. Ellis for Respondent.

NOURSE, J.—Plaintiff sued to foreclose a lien for street improvements under proceedings in accordance with the Vrooman Act (Stats. 1885, p. 147). The assessment which was the basis of the action was made by the board of public works of the city of Los Angeles on September 4, 1915. The trial court, acting under the provisions of section $12\frac{1}{4}$ of the act (added in 1913, Stats. 1913, p. 409), held that the assessment was unenforceable because an extension of the time for completion of the improvements was made two days after the time given by a previous extension had elapsed. The court found that the work was actually done in good faith under a valid contract; that the proceedings were within the power of the city, and that the only informality in the proceedings was that regarding the extension of time for completion. It thereupon ordered that a reassessment be made in accordance with section $12\frac{1}{4}$. This was done and notice was duly given. No objections were made to the reassessment and it was accordingly approved, confirmed, and recorded on July 23, 1917. The defendant refused to pay the reassessment and this suit was then commenced to collect the sum found due thereon. From the judgment in favor of plaintiff, defendant prosecutes this appeal.

[1] The only point involved is the construction of section $12\frac{1}{4}$. Appellant concedes that the legislature had constitutional power to enact it. Its provisions were strictly followed in the present litigation. Briefly, the section provides that "Whenever any assessment made and issued under

the provisions of this act . . . (has) been set aside by any court of competent jurisdiction . . . then the superintendent of streets shall cause a new assessment to be made for the same purpose. . . . It is hereby made the duty of any court of competent jurisdiction in rendering its judgment holding invalid any assessment . . . to make a finding as to whether or not the issuing of such assessment was entirely without the power of the said city to issue, and if not, then what omission, irregularity, illegality, informality or noncompliance with the requirements of the statute . . . has occurred. . . . In the event that the court shall find that the work . . . was done in good faith under the contract . . . it shall be the duty of the said court to order the making of a new assessment.'' The section then provides that the city council may without such order set aside an assessment which is irregular and order a new assessment to be made. Such assessment, whether made after decree of court or pursuant to a resolution of the council, shall be based upon the special benefit of the improvement to the respective lots assessed and shall become a charge upon the property notwithstanding the previous irregularity, informality, or defect. The purpose and intent of the section is declared to be to make the cost and expense of all local improvements payable by the real estate benefited by the improvements actually made though the proceedings may not have been in full technical accord with the statutory requirements. Upon the filing of the new assessment the city clerk is required to advertise the fact, stating the time set for hearing objections. After hearing had, the council may revise, correct, and modify the assessment and shall thereupon pass a resolution approving and confirming the same. ''Such decision shall be a final determination of all matters relating to the actual benefits derived from the improvement by the respective lots.''

The obvious effect of the section is to relieve a contractor from the rule of the early decisions interpreting the Vrooman Act to the effect that any irregularity or informality in street improvement proceedings rendered the assessment void and defeated recovery. Recent decisions involving proceedings under the Improvement Act of 1911 (Stats. 1911, p. 730) and similar acts containing curative sections have held that the courts are prohibited from wholly invalidating such proceedings solely upon the grounds of irregularity and

informality not directly affecting the jurisdiction of the municipal authorities. (*Oakland Paving Co.* v. *Whittell Realty Co.,* 185 Cal. 113, [195 Pac. 1058]; *City Street Imp. Co.* v. *Watson,* 50 Cal. App. 687, [195 Pac. 967]; *Federal Const. Co.* v. *Newhouse,* 186 Cal. 284, [199 Pac. 519].)

In the first two cases just cited it was held that the failure of a contractor doing street work under the 1911 act to procure an extension of time until one or two days after the contract period had expired was a mere informality which was cured by section 26 of the act. Because section 11 of the Vrooman Act, providing that no assessment should be held invalid for mere informalities, contained the expression "except upon appeal to the city council" it was held that the section did not cure any defects which the city council could not have cured upon such an appeal. (*Manning* v. *Den,* 90 Cal. 610, 616, [27 Pac. 435].) Thus, in the absence of section 12¼, if section 11 of the Vrooman Act read as section 26 of the 1911 act, the court would be without power to declare an assessment void for mere irregularities in procuring an extension of time for completion of the contract. (*Oakland Paving Co.* v. *Whittell Realty Co., supra; City Street Imp. Co.* v. *Watson, supra.*) Therefore, by the provisions of section 12¼, the court is given a limited jurisdiction, not to deny recovery altogether, but to order a new assessment based upon the benefits derived from the improvement. The effect of the enactment is that, instead of making the appeal to the city council the exclusive remedy in such cases, the court is authorized to review the alleged errors and to order a new assessment if it finds that the conditions of the statute have been met.

As the statute was in full force when the proceedings were taken, it was notice to all parties interested. As the legislature could have authorized extensions of time after the expiration of the contract period, it could also waive the informality of the lapse. This could be done either by legislation such as is found in section 26 of the 1911 Improvement Act or by the method provided in section 12¼ of the Vrooman Act. The proceedings here were in full accord with the requirements of the Vrooman Act.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.