[Civ. No. 2576. Third Appellate District.—December 26, 1922.]

JOHN J. MONTEVERDE, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF SACRAMENTO et al., Respondents.

[1] NEW TRIAL—AGREED STATEMENT OF FACTS—ENTERTAINMENT OF MOTION.—Where an agreed statement of facts involves a statement of the ultimate facts and as such may appropriately stand as the findings, a motion for a new trial after decision upon such statement cannot be entertained, but where the so-called agreed statement of facts is in truth an agreed statement of the evidence and not a statement of the ultimate facts, the court has jurisdiction to entertain such a motion.

[2] ID.—ACTION TO RECOVER PAYMENTS ON LOTS—BREACH OF CONTRACT—TRIAL AND DECISION ON AGREED STATEMENT—JURISDICTION TO GRANT MOTION.—Where the agreed statement upon which an action to recover the amounts paid on the purchase price of certain lots was tried and decided presented a controversy as to whether the defendant had improved the streets in accordance

with the terms of the contracts of sale and as to whether the proposed sinking of a well to obtain water for the domestic uses of the premises was within the terms of the contracts, the question as to the fulfillment of the terms of the contracts as to street improvements was a question of fact for the court to determine from the evidence, from which either of two opposing inferences might reasonably be drawn, and the court's determination in favor of the plaintiff by its findings of fact did not prevent it from granting a motion for a new trial.

PROCEEDING in Certiorari to review an order of the Superior Court of Sacramento County granting a new trial. Peter J. Shields, Judge. Order affirmed.

The facts are stated in the opinion of the court.

V. L. Hatfield and W. H. Hatfield for Petitioner.

Dunn & Brand for Respondents.

HART, J.—The petitioner, by this application for a writ of review, seeks to secure a judgment of this court annulling an order by the respondents granting a new trial in a certain action wherein the petitioner is the plaintiff and Brooke Realty Company, a corporation, is the defendant, and which action was tried by and is now pending before said respondents.

The position of the petitioner, as must be inferred from the nature of the relief herein sought, is that the respondents in making the order herein complained of acted in excess of their jurisdiction. (Sec. 1068, Code Civ. Proc.) The ground upon which the petitioner bases the claim for the relief herein asked is that the notice of intention to move for a new trial served and filed by the defendant in the action above named was and is insufficient in law to vest respondents with the power or right to hear, determine, and grant a motion for a new trial in said action. The notice of intention to move for a new trial is in the following form:

"Please take notice that the defendant herein intends to move the court to vacate and set aside the judgment rendered in the above cause, and to grant a new trial of said cause upon the following grounds, to wit:

"1. Insufficiency of the evidence to justify the judgment.

"2. That the judgment is against the law.

"Said motion will be made upon this notice, the papers on file in this case, and upon the entire record of this action."

Among the grounds specified in section 657 of the Code of Civil Procedure upon which "the former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved" are: First, insufficiency of the evidence to justify the *verdict* or other *decision;* second, that the *verdict* or *decision* is against the law.

On the return day of the writ the respondents appeared by their counsel and demurred to the petition on the ground that the same did not state facts sufficient to entitle the petitioner to the relief prayed for in the petition, and also filed the return of the respondents to the writ.

When presenting his petition for the writ herein prayed for it was the theory of the petitioner that the notice of intention to move for a new trial was insufficient and fatally defective because it stated that the application for a new trial would be based upon the grounds that the evidence was insufficient to justify the *judgment* and that the *judgment* was against law instead of stating that the evidence was insufficient to justify the *decision* and that the *decision* was against law, as the above-named section of the code prescribes. When the case was called for argument, however, counsel for the petitioner stated that they had reached the conclusion that the grounds upon which they relied, as set forth in the petition, were insufficient to justify the granting of a writ of *certiorari.* In other words, they, in effect, conceded that the notice of intention to move for a new trial to which they had objected was sufficient to vest the respondents with the authority to entertain the motion. (See *Locke* v. *Moulton,* 96 Cal. 21 [30 Pac. 957].) They thereupon abandoned the petition in so far as were concerned the grounds therein specifically set forth as the foundation for the relief asked for. Upon this confession of the insufficiency of their petition to justify the granting of a writ of review the demurrer interposed by the respondents could and should, of course, be sustained. But counsel for the petitioner at the hearing raised another point involving a challenge of the jurisdiction of the court to grant the motion for a new trial in the action

referred to, to wit: that the case of the petitioner against the Brooke Realty Company was tried in the court below upon an agreed statement of facts and that in such case, so the contention was and is, a motion for a new trial cannot be entertained by the trial court. Counsel for the respondents made no objection at the time of the suggestion of this point to the hearing and determination thereof by this court and we suppose that the failure of the respondents to object to the consideration of the point thus raised may be assumed to amount to a stipulation or an agreement that the ground last stated might be treated as having been included in the petition as among the grounds upon which the petitioner asks for a writ of review herein. A serious question arises, though, whether the point last suggested is one which it is appropriate to consider through the instrumentality of a jurisdictional writ. Obviously, the superior court has jurisdiction to grant new trials upon any of the grounds stated in section 657 of the Code of Civil Procedure. A question which might here suggest itself is whether the action of the court in granting the new trial does not involve, if anything at all as against the legal propriety of granting the motion, error rather than an excess of jurisdiction, the same being correctable through appeal, the ordinary remedy in the course of law. However, since the question was argued on both sides and submitted for decision we will consider the point. To do this, it will be necessary first to examine briefly the record in the action in which the new trial was granted as the same is disclosed by the return to the writ.

It is shown by said return that, previously to the institution of said action by the petitioner, the assignor of the latter and the Brooke Realty Company, a corporation, entered into two written contracts, each bearing the same date, whereby said company sold to the said assignor of petitioner two several lots in a subdivision known and designated as "Sacramento Heights," in the county of Sacramento. The agreed aggregate price of the lots was to be paid for in certain specified monthly installments. By a certain provision in each of said contracts, the seller obligated itself to "pipe or cause to be piped," within two years from the date of the agreements, water in sufficient quantity for domestic purposes "along the street or alley adjoining the herein

described premises, or furnish water immediately upon notification in writing of the completion of a dwelling-house by the vendee; and also to construct, grade and improve the streets and highways in said subdivision.'' Claiming that the seller (Brooke Realty Company) had breached the provision of the agreements thus referred to, the petitioner brought the said action to recover the amounts paid by his assignor on the lots described in the agreements, together with interest thereon. The complaint was founded upon the theory of money had and received. The answer specifically denied all the material averments of the complaint.

The agreed statement of facts upon which the case was tried and decided consisted mainly of documentary evidence, viz.: The contracts of purchase and letters passing between the parties in which the vendee complained that the seller had failed to perform those terms of the agreements contained in the provision above mentioned and the vendor maintained that it had lived up to the agreements in all respects or intended to do so—that is, as to the furnishing of water to the premises for domestic use, it would sink a well thereon for that purpose in lieu of piping water thereto, and that, as to the improvement of the streets, etc., it had improved and graded the same as required by the agreement. A statement of the character and the extent of the improvement of the streets by the vendor was embraced in the agreed statement.

The specific findings were in accord with the allegations of the complaint and the court further found: ''That all of the allegations of the answer are untrue.'' The conclusions of law were in harmony with the findings.

The foregoing statement of the record in the action between the petitioner and the Brooke Realty Company is sufficient for the purposes of the decision of the question presented.

Section 656 of the Code of Civil Procedure defines a new trial to be ''a re-examination of an issue of fact,'' etc. The contention of the petitioner is that, since the action above referred to was tried and decided solely upon an agreed statement of the facts, no issue as to the facts was raised or submitted for decision and that, therefore, there is no issue of fact to be re-examined in said action. The consequence is, so the argument goes, that where a trial court in

such a case entertains a motion for a new trial and assumes to act in such proceeding it transcends its lawful authority or jurisdiction. In support of their position, counsel for the petitioner cite the following cases: *Gregory* v. *Gregory*, 102 Cal. 50, 52 [36 Pac. 364] ; *Stanwood* v. *Carson*, 169 Cal. 647 [147 Pac. 562] ; *Quist* v. *Sandman*, 154 Cal. 748 [99 Pac. 204] ; and *Kaye* v. *Superior Court*, 33 Cal. App. 269, 270 [164 Pac 912].

In *Gregory* v. *Gregory* the cause was tried upon a stipulation of the facts and the trial court drew its conclusions of law from the facts so stipulated. The supreme court held that findings of fact were not necessary; that the facts stipulated, being the ultimate facts, were themselves sufficient to stand as the findings.

In *Stanwood* v. *Carson* the findings consisted of all the facts embraced in the agreed statement of facts. That case went to the supreme court on an appeal from the judgment and from the order denying a new trial. No question of the jurisdiction of the trial court to entertain a motion for a new trial was therein raised and the judgment and the order were affirmed.

In *Quist* v. *Sandman* the case was tried not only upon an agreed statement of facts, but upon stipulation that the facts so agreed upon were to be considered as the findings of the court in the case and they were so treated.

In *Kaye* v. *Superior Court* the court adopted the agreed statement of facts as its findings.

[1] There can be no doubt that where an agreed statement of facts involves a statement of the ultimate facts and as such may appropriately stand as the findings a motion for a new trial after decision upon such statement would not and could not be entertained. And that is the situation we find in the cases above named. [2] In this case, however, the so-called agreed statement of facts is in truth an agreed statement of the evidence and not a statement of the ultimate facts. Under the agreed statement here there existed a controversy between the parties to the action as to whether or not the defendant therein had improved streets in accordance with the terms of the contracts and whether, by sinking a well to obtain water for the domestic uses of the premises, as the defendant said that it proposed to do, in the place of piping the water thereto, it would

remain within the terms of the contracts. The latter proposition might be said to be a question of law for the court to determine upon a construction of the contracts, but it cannot be doubted that whether the defendant had fulfilled the terms of the contract as to the improvement of the streets was a question of fact for the court to determine from the evidence, from which either of two opposing inferences might reasonably be drawn. The court did determine this fact by its findings, which do not, however, as in the cases above mentioned, embrace the stipulated facts *in extenso*. Nor, as in said cases, were the conclusions of law drawn directly from the agreed statement of facts. The case here falls within the doctrine of the following named cases: *Crisman* v. *Landerman,* 149 Cal. 647, 654 [117 Am. St. Rep. 167, 87 Pac. 89]; *Southern Pacific Land Co.* v. *Dickerson,* 188 Cal. 113 [204 Pac. 576]. In *Crisman* v. *Landerman* it is said:

"As has been stated, the cause was tried upon an agreed statement of facts, and it is claimed by the appellants that where the facts are agreed, no findings are necessary, and that, if findings are made, they are entitled to no weight. There have been several rulings by this court to the effect that the want of findings affords no ground for reversing a judgment where the facts have been agreed upon. (*Gregory* v. *Gregory,* 102 Cal. 50 [36 Pac. 364]; *Muller* v. *Rowell,* 110 Cal. 318 [42 Pac. 804].) But here the facts embraced in the stipulation were not the ultimate facts put in issue by the pleadings, but were (as to the question of consent) a recital of the circumstances surrounding the sale, from which the ultimate fact of consent is, as is claimed, inferable. If those circumstances would support an inference either way, it was not only proper but necessary that the trial court should make a finding of the ultimate fact. Such finding when made is entitled to the same weight as any other finding on conflicting evidence, and will not be overthrown unless the facts stipulated cannot by any reasonable inference support the conclusion reached by the trial court."

But the case of *Southern Pacific Land Co.* v. *Dickerson* seems to go even further in the statement of the rule as to the proposition in hand than does the case of *Crisman* v. *Landerman.* In the former case it is said:

"Where there is an absence of conflict, the question of right of recovery is one of law, to be passed upon by the court only (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, 229 [53 Pac. 651]), and in such a case the proper procedure is for the court, upon motion, to withdraw the question from the jury by granting a nonsuit or directing a verdict. (*O'Connor* v. *Mennie*, 169 Cal. 217 [146 Pac. 674]; *Estate of Caspar*, 172 Cal. 147 [155 Pac. 631]; *Estate of Sharon*, 179 Cal. 447 [177 Pac. 283].) However, when an issue has been dealt with as an issue of fact and submitted to the jury for decision, and a single, general verdict returned, our Code of Civil Procedure recognizes one method only for obviating the binding effect of the resulting verdict, i. e., upon a motion for a new trial the verdict may be set aside if, at the same time, a new trial is granted. Our statutes provide no other means for the correction of any error that may have been committed in submitting an issue to the jury. The argument that a new trial could not have been granted for the reason that a new trial is a 're-examination of an issue of fact' (Code Civ. Proc., sec. 656), and there was no issue of fact in this case by reason of the absence of conflicting evidence, is specious. Subdivision 6 of section 657 of the Code of Civil Procedure authorizes a new trial upon the ground of 'insufficiency of the evidence to justify the verdict,' which has been interpreted as applying not only to cases where the verdict is contrary to the weight of the evidence, but where there is *no evidence* to support the verdict. (*Estate of Bainbridge*, 169 Cal. 166, 170 [146 Pac. 427]; *Estate of Caspar*, 172 Cal. 147 [155 Pac. 631].) When the determination of an issue has been intrusted to a jury, it has, for the purposes of the trial become an issue of fact, and if it is later discovered that the question should have been passed upon by the court instead of the jury, the mistake can be rectified only by ordering a 're-examination' of what has previously been treated as an issue of fact."

Of course, there can be no distinction as to the application of this doctrine as between a case tried by a jury and a case tried by the court. Where the court itself tries a case without the aid of a jury (we refer to a case at law as distinguished from a case in equity), the former in legal effect becomes the jury. We conclude that the writ herein

prayed for should be disallowed and, accordingly, the demurrer to the petition is sustained and the order to show cause discharged.

Finch, P. J., and Burnett, J., concurred.