[Civ. No. 6098. First Appellate District Division One.—November 3, 1927.]

E. J. GALLAGHER, Respondent, v. J. W. WRIGHT & SONS INVESTMENT CO. (a Corporation), Appellant.

Sawyer & Sawyer and F. W. Sawyer for Appellant.

Oscar Samuels and Jacob Samuels for Respondent.

CAMPBELL, J., *pro tem.*—This is an action to foreclose a public contract street improvement lien under San Francisco. street improvement ordinance of 1918.

The action was tried upon the following facts stipulated in evidence: The contract mentioned in the complaint was entered into on July 22, 1920, and provided that the work called for thereby should be completed within 150 days from such date and it was not completed within that time. Upon request of the contractor, the board of public works did on December 13, 1920, transmit to the board of supervisors its recommendation that an extension of ninety days be granted the contractor to complete the work. The board of supervisors on December 20, 1920, one day after the expiration of the original time prescribed for the completion of the work, passed its resolution granting the application for the extension of time for a period of ninety days, and the resolution was approved by the mayor of the city and county of San Francisco December 23, 1920. A further extension of time was granted from and after March 19, 1921, and the work was completed within the life of such

second extension. There also appears in the stipulated evidence the fact that no assessment or lien was made, entered, recorded, or imposed upon the roadbed, rolling stock or property pertaining to the municipal car system, for the payment of any portion of the expense of such improvement, but as this fact is not touched upon in the briefs on file in *Gallagher* v. *J. W. Wright & Sons Investment Co.*, upon which this case is submitted, we assume no point is made because of the failure to assess the property of the municipal car system.

The question here presented is passed upon in *Gallagher* v. *J. W. Wright & Sons Investment Co.*, *ante*, p. 553 [261 Pac. 1041], this day decided by this court, and on the authority of that case the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.