[Civ. No. 6006. First Appellate District, Division One.—November 3, 1927.]

E. J. GALLAGHER, Respondent, v. J. W. WRIGHT & SONS INVESTMENT CO. (a Corporation), Appellant.

Sawyer & Sawyer and F. W. Sawyer for Appellant.

Oscar Samuels and Jacob Samuels for Respondent.

CAMPBELL, J., *pro tem.*—This action is one to foreclose a public contract street improvement lien under San Francisco Street Improvement Ordinance of 1918. The contract was entered into under date of October 20, 1923. It provided that the work should be done within ninety days. This time expired January 18, 1924. On January 9, 1924, prior to the expiration of the time within which the work was to be completed, pursuant to a previous request by the contractor, the board of public works recommended to the board of supervisors the granting of the desired extension, and on January 21, 1924, three days after the expiration of the original time called for by the contract for the completion of the work the board of supervisors granted the desired extension, and the work was completed on February 19, 1924, within the life of the extension.

This appeal is limited to two points—both of law. The first point urged is that "this street assessment is void, as the work was not done within the time fixed by contract and the extension was not granted within the life of the contract," and the second that "findings were not waived and there are no findings the basis of any judgment."

The ordinance of 1918 under which the work was performed, in so far as it affects the question here presented, provides—quoting from section 18: "Upon the recommendation of the Board of Public Works, the Supervisors may by resolution passed by a majority vote thereof, grant extensions of time within which to complete the said work. No recommendation for an extension of time beyond the expiration of the time of the first extension shall be made by the Board of Public Works unless the application of the contractor therefor, in each instance, is supported by a certificate from the City Engineer certifying that at least

the major part of the work contracted for has actually been done, or by evidence satisfactory to the said Board that the failure to have done the required measure of work was not due to lack of diligence in the prosecution of the work on the part of the contractor. All applications for such extensions of time must be filed in the office of the Board of Public Works before the expiration of the original time fixed in the contract, or of the time granted by extension, as the case may be. In case an extension of time be granted by the Supervisors after the expiration of the time originally fixed in the contract for the work, or after the expiration of the time granted in any further extension therefor, the time so granted shall be deemed to commence and be effective from the date of such expiration.''

Quoting from section 27: ''No assessment, warrant, diagram, or affidavit of demand and non-payment after the issue of the same, and no proceedings prior to the assessment, shall be held invalid by any court for any error, informality or other defect in the same, where the resolution of intention of the Board of Public Works to recommend to the Supervisors the ordering of the improvements has been actually published and the notices of improvement posted as in this ordinance provided.''

Section 47: ''The provisions of this ordinance shall be liberally construed to promote the objects thereof, and no error, omission or irregularity in connection with the proceedings thereunder not affecting a substantial right of a party interested shall invalidate any of such proceedings.''

Appellant urges that recovery is denied respondent because he was tardy in securing from the board of supervisors an extension of time—that ''legislative bodies cannot, nor can courts, re-create, restore to life an act or thing that has ceased to live. When the time fixed in the contract has expired, jurisdiction is lost. The act is dead.'' In support of this contention appellant relies upon certain California cases dealing with extension of time to prepare a bill of exceptions or statement of the case or to file a notice of motion for a new trial. Each of these cases is predicated upon a particular code section held to qualify the jurisdiction of the *nisi prius* court.

Appellant also advances certain street assessment cases, commencing with *Mahoney* v. *Braverman,* 54 Cal. 569, and concluding with *Kelso* v. *Cole,* 121 Cal. 121 [53 Pac. 353]. The cases cited are all considered in *Oakland Paving Co.* v. *Whittle Realty Co.,* 185 Cal. 113 [195 Pac. 1058], and *City Street Imp. Co.* v. *Watson,* 50 Cal. App. 687 [195 Pac. 967]. In the Oakland Paving Company case it is recognized that the decision in each of the cases cited by appellant was based upon the wording of the particular statute involved without regard to the effect of any saving clause, and there it is said: ''In view of the foregoing we have no hesitation in saying that the failure of the contractor to secure his extension of time until the day after the contract period had expired, even if the work were then uncompleted was an 'informality' in the prior proceedings which was cured by the provisions of section 26.''

The ordinance of 1918 in the quoted portion of section 27 is in the identical words of the curative clause of the Improvement Act of 1911 before the court in the Oakland Paving Company case, and therefore in affirming this judgment we do not have to rely upon analogy but upon a complete parallelism. It may further be said that in the present case section 18 of the ordinance *ex industria* provides that an extension given under the very conditions here existing may be granted.

With respect to the power of the legislature—in this case the board of supervisors—to enact such a provision as section 18 of the ordinance under consideration, the court in *City Street Imp. Co.* v. *Watson, supra,* quoting from *Chase* v. *Trout,* 146 Cal. 350 [80 Pac. 81], uses this language: ''The legislature undoubtedly could have enacted a valid law, which would have authorized the extension of the contract after the time first fixed had expired,'' and again: ''It may be conceded that it is a 'jurisdictional' requirement that the time must be extended within the time limit of the contract, but it is not one of jurisdictional requirements necessary to constitute due process of law, and hence is cured.'' There the act of 1911 (Stats. 1911, p. 730) was under consideration containing two curative clauses identical with those appearing in sections 27 and 47 of the improvement ordinance of 1918, quoted, on which sole reliance was placed. The act of 1911, however, did not

contain the additional provision that an extension granted after the expiration of the original time should relate back to the date of expiration of such time.

Further, with reference to this point, appellant urges that "if there was any justification of any such claim (that the ordinance of 1918 authorizes the board of supervisors to extend the original time after its expiration) such ordinance in that respect would be void and unconstitutional." In support of this contention appellant cites *Fanning* v. *Schammel*, 68 Cal. 428 [9 Pac. 427]. There the legislature passed a statute attempting "to vitalize a dead contract and validate a void assessment for street work," and the statute was held unconstitutional. Appellant also refers to *Flinn* v. *Shafter Realty Co.*, 190 Cal. 316 [212 Pac. 194]. That case and the present case are distinguishable upon the ground that the 1913 ordinance under consideration in the Flinn case specifies that "the contract shall be *void* if the work is not completed within the time prescribed and that no assessment shall issue."

As to appellant's second point that the court made no findings and findings not being waived they were essential, it may be said that a stipulation made in open court constituted the entire trial. After stipulating to the date of the contract, the original time within which the work should be completed, the date of recommendation by the board of public works to the board of supervisors that the extension be granted, the date of the passage by the latter board of its resolution granting the extension, the date of signing by the mayor, and the date of the completion of the work, there follows: "With that stipulation otherwise all the facts alleged in the complaint are admitted." Consequently there were no controverted facts upon which the court should have found. There was an agreed statement of facts, not evidence.

In support of this latter contention appellant relies principally upon *Monteverde* v. *Superior Court*, 60 Cal. App. 252 [212 Pac. 690]. In that case by stipulation evidence was introduced from which different inferences could be drawn requiring findings thereon indicating the inference drawn by the court. Here ultimate facts were agreed upon, and the following excerpt from the Monteverde case,

quoted from *Gregory* v. *Gregory*, 102 Cal. 50 [36 Pac. 364], is applicable: "There have been several rulings by this court to the effect that the want of findings affords no ground for reversing a judgment where the facts have been agreed upon." This principle is so firmly grounded that it is thus referred to in *Fernandez* v. *Watt*, 26 Cal. App. 86 [146 Pac. 47]: "It needs no citation of authority to support the proposition that findings upon admitted facts are not required."

In our opinion there is no merit in the appeal.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1927.